M. ALEXANDER & CO. v. FLETCHER & WHITFIELD. (No. 7383.)

(Court of Civil Appeals of Texas. Dallas. June 5, 1915.)

1. APPEAL AND ERROR ⬤�í499—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS TO EVIDENCE.

Where bills of exception did not show what objection was urged and sustained to the introduction of evidence, assignments of error, predicated upon the exclusion of such evidence, could not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ⬤�í499.]

2. TRIAL ⬤�í350—SUBMISSION OF SPECIAL ISSUE—POINT NOT ISSUABLE.

In an action by a partnership for the price of goods sold, where undisputed evidence showed that a certain person deceased had owned a one-half interest in the firm, the refusal of the trial judge to submit a requested special issue as to the extent of the interest of such person in the firm was not error; the fact not being at issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. ⬤�í350.]

3. APPEAL AND ERROR ⬤�í742—BRIEFS—ASSIGNMENTS OF ERROR—PROPOSITIONS AND STATEMENTS.

Where neither of two assignments of error was briefed as a proposition, no proposition was made thereunder, and no statement of the evidence adduced on trial in support of the contention made was subjoined to either of them, such assignments were not presented for consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⬤�í742.]

Appeal from Kaufman County Court; James A. Cooley, Judge.

Action by Fletcher & Whitfield against M. Alexander & Co. Judgment for plaintiff, and defendant appeals. Affirmed.

Ed. R. Bumpass, of Terrell, for appellant. Dashiell & Coon, of Terrell, for appellee.

TALBOT, J. Appellee, Fletcher & Whitfield, sued the appellant, M. Alexander & Co., in the justice court of precinct No. 3 of Kaufman county, Tex., upon an account for the sum of $131.43 and recovered a judgment therefor. Appellant appealed to the county court of Kaufman county, Tex., and upon a trial before a jury on special issues a judgment was rendered upon said account for the appellee. Appellant filed a motion for a new trial, and, same being overruled, he perfected an appeal to this court. Appellee's cause of action was for goods, wares, and merchandise, and the appellant did not controvert the account that he had purchased the items mentioned, but pleaded: (1) General demurrer; (2) general denial; (3) that the defendant is a firm name, but is owned and operated by this defendant, M. Alexander; that for years past one of the plaintiffs, J. B. Whitfield, owed this defendant's company in various amounts for groceries and other items purchased by said J. B. Whitfield of this defend-

ant to maintain himself and family, and that the said J. B. Whitfield on or about April 30, 1912, was in debt to this defendant for goods, wares, and merchandise in the sum of $206, and was so known to each member of plaintiff's firm, and that on April 30, 1912, this defendant purchased of the said plaintiff a one-horse delivery hack and other small items of merchandise amounting to $131.45 (account sued upon); that plaintiff and defendant were merchants, each transacting business with the other, and that he credited J. B. Whitfield on his account for said amount, and that same was made at the instance and request of the plaintiffs and each of them, and it was understood and contracted by them at said time by and between said plaintiff and this defendant that said item of $131.45 (said wagon and other small items) should be credited on said account due by said J. B. Whitfield to this defendant; that no objection was raised by either member of said plaintiff's firm until a short time before suit was filed hereon; that the said defendant gave the said plaintiff credit for said amount, leaving the said J. B. Whitfield due this defendant the sum of $74.55 as per April 30, 1912, which has not been paid, and it was understood and contracted between the parties hereto that said credit should be applied in that way; that said plaintiffs furnished a statement of said account sued upon, amounting to $131.45, to this defendant, and credit was allowed on said account of J. B. Whitfield for said amount, and was so known, understood, and sanctioned by the other member of the firm of plaintiffs, and nothing was ever said or done otherwise until a short time before the filing of this suit and since the demise of the said J. B. Whitfield; that after said date the said J. B. Whitfield continued to trade and to make an account with said defendant up to the time of his demise, the 14th day of December, 1912; that on or about November 25, 1912, the said J. B. Whitfield paid this defendant again on said account the further sum of $50 by check and $25 in cash, leaving a balance due by said J. B. Whitfield to this defendant of $141.50; said amount is still due and unpaid, and all offsets, credits, counterclaims, and payments of any and all kinds have been allowed, including the amount sued for by plaintiffs in this cause, as pleaded above; that said account sued upon is not just, due, or unpaid, but that same has been paid and satisfied by allowing the credit as above indicated, which was ratified by the other member of the firm, and that the said Fletcher, party plaintiff herein, is now estopped from setting up said claim by indorsing said transactions and ratifying same; that had he not indorsed or ratified said purchase of this defendant of the plaintiffs for said wagon and other small items, he could have collected said claim in

whole, or if he had ever objected to said credit during the lifetime of the said J. B. Whitfield, he could have collected same.

In the county court appellee filed a trial amendment, alleging that since the commencement of this suit, he, as surviving partner of the firm of Fletcher & Whitfield, sold, conveyed, and delivered all of the assets of said partnership, including stock, fixtures, notes and accounts, and choses in action, particularly including this suit, to the W. D. Fletcher Saddlery Company. Wherefore he prays that the said W. D. Fletcher Saddlery Company be permitted to prosecute this suit in its name, or that he be permitted to prosecute this suit for the use and benefit of the W. D. Fletcher Saddlery Company, whichever the court may see proper to do. By supplemental answer defendant alleged that J. B. Whitfield, heretofore mentioned in his previous answer, was a member of the firm of Fletcher & Whitfield, and as such was entitled to one-half of the profits, and sustained one-half of the loss, and that said J. B. Whitfield is deceased, and his estate is insolvent, and if he has not allowed credit as pleaded by him in his original answer, he will lose his debt, or a part thereof; that the W. D. Fletcher Saddlery Company, who now prosecutes this suit, is a firm, and one member thereof, W. D. Fletcher, is the same W. D. Fletcher mentioned in the original petition, and at the time they acquired the claim sued upon by plaintiff herein, by purchase or otherwise, they had notice of the claim of defendant as originally pleaded by him herein.

[1] The first assignment of error charges that the court erred in refusing to allow the appellant to introduce in evidence a stated account the defendant had against J. B. Whitfield, said account showing credit and payment for the bill sued upon by plaintiff, and the second is that the court erred in not permitting M. Alexander to testify that he had had business dealings with the plaintiffs for a period of many years, that they had mutual accounts between one another, and at times he would owe the firm of Fletcher & Whitfield, and J. B. Whitfield would owe his firm, and that they always adjusted the mutual accounts between plaintiff and defendant by defendant giving J. B. Whitfield credit for anything that defendant may be due the plaintiff. Appellee objects to a consideration of these assignments because the bills of exception reserved to the court's rulings do not show what objection was urged and sustained to the introduction of the evidence. The objection is well taken; and the assignments cannot be considered. It is well settled that a bill of exceptions to the exclusion of evidence which fails to show the objection made to its 'ntroduction is fatally defective, and will not be considered on appeal, and, likewise, that an assignment of error based on

such a bill will not be considered. Railway Co. v. Blocker, 138·S. W. 156; Hill v. Hanan & Son, 146 S. W. 648; Stratton v. Riley et al., 154 S. W. 606; Progressive Lumber Co. v. Marshall & E. T. Ry. Co. (Sup.) 155 S. W. 175.

[2] The third assignment of error asserts that the court erred in refusing to submit, at the request of the appellant for the determination of the jury, the following issue, to wit: "What interest had J. B. Whitfield in the firm of Fletcher & Whitfield, plaintiff herein?" There was no error in this action of the court. The trial judge in refusing to submit this issue gave in writing as his reasons therefor that it was not an issuable fact in the case, and this conclusion of the judge is supported by the record. The undisputed evidence shows that J. B. Whitfield, as a member of the firm of Fletcher & Whitfield, owned an equal one-half interest in the firm's assets and business. There was therefore no error in refusing to submit the question to the jury.

[3] The fourth and fifth assignments of error assert that the judgment of the trial court is contrary to the law and evidence in the case in the respective particulars therein stated, but a consideration of them is objected to by appellee, and the objections must be sustained. Neither of the assignments is submitted as a proposition, no proposition is made thereunder, and there is not subjoined to either of them any statement whatever of the evidence adduced on the trial in support of the contention made. But if the assignments were properly briefed, they could not, we think, be sustained. The case, as heretofore shown, was submitted to the jury on special issues, and every material issue arising on the pleading and evidence was found by the jury, upon evidence warranting such findings, against appellant.

The judgment is affirmed.