## ELLERD v. SODEBERG.    (No. 1668.)

(Court of Civil Appeals of Texas. Amarillo. May 19, 1920. Rehearing Denied June 23, 1920.)

1. **Appeal and error ☞499(3)—Assignment to rejection of testimony not considered where exceptions do not show objections, etc.**

Assignments of error to the rejection of testimony are not entitled to consideration where the bills of exceptions do not show the objections made to the evidence nor the ground on which they were sustained.

2. **Contracts ☞173—Independent promissory representations no defense unless fraudulently made.**

Persons who employed an architect to make plans were liable for his services despite nonperformance of his statements as to financing the building, which were independent promissory representations, unless fraudulently made without intent to perform.

3. **Evidence ☞441(7)—Parol evidence contradicting writing inadmissible.**

Where a contract to compensate an architect was in writing, parol evidence contradicting, varying, or modifying its terms by showing an oral agreement of the architect to finance the building was inadmissible.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Suit by Frederick Sodeberg against Reuben M. Ellerd. From judgment for plaintiff, defendant appeals. Affirmed.

W. B. Lewis, of Plainview, and Bryan, Stone & Wade, of Ft. Worth, for appellant.

Williams & Martin, of Plainview, for appellee.

BOYCE, J. Appellee, Sodeberg, brought this suit against R. M. Ellerd and J. J. Ellerd on a written contract dated November 21, 1916, and copied later. It was alleged that said contract was a settlement contract; that plaintiff had theretofore rendered services for the defendants as an architect in the drawing of plans for a hotel building which defendants proposed to erect in the city of Plainview; that the plaintiff was demanding in payment for his services so rendered a sum largely in excess of the amount stated in said settlement contract; that on said 21st day of November, 1916, the parties agreed upon a settlement of plaintiff's claim and evidenced their agreement by a writing signed by the said R. M. Ellerd and J. J. Ellerd reading as follows:

"In the event of our failure to finance the construction of hotel building contemplated for us in the city of Plainview, Tex., and our abandonment of the proposition, we agree to pay to F. Sodeberg $1,500 for balance due for architectural services to date. This November 21, 1916.

"[Signed] Reuben M. Ellerd.

"We do hereby agree that Mr. Sodeberg is, from and after this date, fully released from all further obligations or contractual obligations in connection with this matter.

"[Signed] Reuben M. Ellerd.

"John J. Ellerd."

Plaintiff further alleged that the defendants had failed to finance the construction of said building and had abandoned the project, and that he thereupon became entitled to the payment of the said sum of $1,500 mentioned in said contract.

The appellant Ellerd answered that plaintiff had a good cause of action as set forth in the petition, except so far as it might be defeated in whole or in part by the facts of the answer constituting a good defense, so as to secure the opening and close within the provisions of rule 31 for the district and county court. We can convey a better understanding of the case by copying that part of the answer material to the decision of the assignments presented on this appeal than we could by attempting to describe said allegations in general terms. That part of said answer is as follows:

"Now comes the defendant, R. M. Ellerd, and in answer to plaintiff's petition says that he did execute the agreement sued upon, but at said time and before said time the plaintiff had made certain material statements which were believed by the said Ellerd and relied upon by him. The representations were as follows: (a) 'Plaintiff stated that he could and would finance the deal with cheap Oakland money.' That by reason of the above representations defendant began to negotiate with plaintiff, and, had it not been for said representations, defendant would not have considered the claims of plaintiff, but would have considered architects just as good near at home who could have been secured at a less price. That plaintiff has failed to finance said erection of building, thereby making all of the alleged services rendered by plaintiff of no value to this defendant. That, had the plaintiff not made said representations, this defendant would not have considered him as an architect in this matter, and, if plaintiff has been damaged in any way, it is because of

his making representations and agreements that he did not carry out as he agreed. This defendant says that he is now willing, ready, and able to carry out his part of the contract, and, if plaintiff will do as he agreed to do, finance this deal with cheap Oakland money, then he will accept the same and carry out his part of the contract."

The answer is followed by a "cross-action" which reads as follows:

"Defendant says that he has paid the plaintiff the sum of $650, which he is not entitled for the reason that the consideration in the plans for the erection of this proposed building has wholly failed as hereinbefore set out; wherefore he prays judgment for said $650."

On the trial of the case the defendant offered evidence as to oral representations or promises of the plaintiff to "finance the construction of the building with cheap Oakland money" and to show that at and prior to the execution of the contract of settlement the defendant had paid the plaintiff $650 on the contract of employment. The testimony offered, as shown by the bills of exception was as to oral promises or representations made, and was about as general and indefinite as the allegations of the answer. The court sustained the objections to this testimony and gave the jury a peremptory instruction to find for the plaintiff.

[1-3] All of the assignments are based on the ruling of the court in rejecting the testimony referred to. The assignments are not entitled to consideration for the reason that the bills of exception do not show the objections made to the evidence, nor the ground on which they were sustained. Progressive Lumber Co. v. Marshall & E. T. Ry. Co., 106 Tex. 12, 155 S. W. 177; Alexander v. Fletcher, 177 S. W. 514; Hall v. Ray, 179 S. W. 1137. However, we have considered the assignments, and are of the opinion that they present no error. All of the evidence offered was on the theory that the representations or agreements on the part of the plaintiff to procure the money to be loaned to the defendants with which to construct said building constituted the consideration for the contract of employment, and that noncompliance therewith amounted to a failure of consideration for the contract which would defeat recovery of anything thereon, and would entitle defendant to recover the amount already paid. We think this position is untenable, whatever construction might be placed on the indefinite allegations of the answer. If the statements of the defendant as to financing the building be regarded as independent promissory representations, the answer setting them up constitutes no defense, for the reason that there is no allegation that they were fraudulently made; that is, made without intention of performing them. If the allegations be considered sufficient to allege an agreement as a part of the contract of employment that the plaintiff would finance said project, the answer and evidence offered thereunder make no defense to the suit, because the contract in question expressly releases the plaintiff from all such obligations. Even if it was the purpose of the defendant to allege and prove an agreement made at the same time and as a part of the contract of November 21, 1916 (and we hardly think that this construction can be placed either on the pleading or evidence offered thereunder), the evidence would nevertheless have been objectionable because such agreement is inconsistent with the terms of the writing, and there are no allegations that would authorize the admission of parol evidence to contradict, vary, or modify the terms of the writing. This agreement of November 21, 1916, appears to evidence an agreement of accord or settlement between the parties. Whatever may have been the previous rights and obligations of the respective parties, they appear to have been merged into and settled by this agreement, and there is no allegation that would have justified the court in setting it aside.

The judgment of the trial court will be affirmed.