JOSEPH GREEN ET AL. v. J. L. WHITE.

Delivered March 30, 1898.

1. **Probate Court—Order in Community Estate.**

An order of the county judge approving the inventory, appraisement and bond filed by the survivor of a community authorizes the clerk of the probate court to enter upon the minutes an order empowering the survivor to "control, sell and manage the community property," although the judge's order does not so expressly state, since article 2226, Revised Statutes, makes this the legal effect of the order of approval.

2. **Deed by Survivor in Community—Evidence.**

A deed purporting to have been executed by the grantor as survivor in community is admissible in support of the title deraigned thereunder, where it is shown that the grantor filed an application as survivor, and that her bond, inventory and appraisement were duly approved by the court and recorded in its minutes.

3.  Innocent Purchaser—Community Property.

A purchaser of community property from the survivor, who has been duly author-- ized by an order entered upon the minutes of the probate court to sell the community property, is not chargeable with notice of an order made in vacation requiring the survivor to give additional security, where such order was merely entered upon the judge's probate docket, and not upon the minutes of the court. Article 1873, Revised Statutes, construed.

4.  Bill of Exceptions.

A bill of exceptions to the exclusion of evidence should state what was the ob-- jection made in the court below upon which it was excluded.

5.  Practice on Appeal—Bill of. Exceptions.

Refusal of an order to prove by· a survivor in community that before executing a deed as such she was duly served with a citation from the probate court requiring her to give a new bond, and that she unsuccessfully attempted to do so, will not be- deemed erroneous on appeal, where the bill of exceptions does not show what the objection was, as it will be presumed that it was that the citation and the return thereof would be the best evidence of its issuance and service.

APPEAL from Kaufman.  Tried below before Hon. J. E. DILLARD.

*Jack & Jack* and *Morrow & Boggess,* for appellants.

*Abernathy & Beverly,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by Joseph Green· for himself and as next friend of Ida Green, against J. L. White, in the· ordinary form of an action of trespass to try title to recover one-fourth interest in about 2300 acres of land, and for rents thereof.  By an amended petition, the marriage of Ida to D. E. Slayton was suggested, and by order of the court he was made a party plaintiff.

The defendant (appellee) answered by a general demurrer and plea of not guilty.

The cause was tried before a jury, who, in obedience to·a peremptory charge from the court, returned a verdict for the defendant, upon which the judgment appealed from was entered.

*Conclusions of Fact.*—The common source of title to the land in controversy is A. J. Ballard.  He died intestate in December, 1887, leaving· surviving him E. A. Ballard, his wife, J. L. Ballard, a son—still surviving — Joseph and Ida Green, his grandchildren, who are appellants. These survivors are his only heirs.  At the time of his death appellants were respectively 12 and 8 years old.  The son, J. L. Ballard, was then grown.

A. J. Ballard, deceased, left a large estate of both real and personal property.  His estate owed three or four hundred dollars, which was promptly paid with money on hand and the proceeds of the sale of stock. None of the land was sold to pay community debts.  No portion of his estate was received by appellants or either of them.

The land in controversy was the community property of deceased J. L. Ballard and his wife, E. A. Ballard.  She filed her application in the County Court of Kaufman County, an inventory, gave bond, and quali-

fied, as surviving wife of A. J. Ballard, deceased, to administer the community estate. The inventory included the land in controversy. Her bond as survivor was approved by the court on July 16, 1888, and an order entered on the minutes authorizing her as survivor to control, sell, and manage the estate.

On the 8th day of February, 1892, E. A. Ballard, as administratrix of the community estate of A. J. Ballard, deceased, by deed of that date conveyed the land in controversy to May Peak, which deed was duly recorded in the office of the county clerk of Kaufman County on August 8, 1892. The purchase made by May Peak, evidenced by said deed, was made in good faith, upon a valuable consideration, which was in property of the estimated value of $21,000, and without notice of the adverse claim of appellants. The appellee claims the land under a regular chain of conveyances from Peak to himself, which conveyances were proven by the evidence, and admitted to be regular by appellants.

*Opinion.*—The first assignment of error complains of the court's admitting in evidence from the minutes of the probate court of Kaufman County, the following order: "The bond of E. A. Ballard as survivor of the community estate of A. J. Ballard, deceased, filed, examined, approved, and ordered to be recorded, and said E. A. Ballard is authorized to control, sell, and manage said estate." The objection, as shown by appellants' bill of exceptions to the introduction of this order, is that there was no such entry, judgment, order, or decree made by the probate judge of Kaufman County and entered upon the judge's probate docket as is required by article 845, Revised Statutes of 1895, nor any entry on said docket authorizing the clerk to make such entry in the probate minutes of said court.

In the explanation of the trial judge, appended to the bill of exceptions, it is stated that there was written on said bond the words "Examined and approved," which was signed by the county judge before the bond was recorded. On January 16, 1888, the following entry was made on the judge's docket and signed by him, viz: "The inventory and appraisement of E. A. Ballard, survivor of the community estate of A. J. Ballard, deceased, examined and approved and ordered recorded." At the same time appears on the judge's docket the following entry: "Bond approved."

The county judge is required to examine and approve the inventory, appraisement, and bond filed by the surviving husband or wife by an order to that effect entered upon the minutes of the court, and when approved, they are required to be recorded in the minutes of the court, and the order approving the same shall also authorize such survivor to control, manage, and dispose of such community property in accordance with the provisions of the statute. Rev. Stats., art. 2226. From the article referred to it is seen that the order approving the inventory, appraisement, and bond confers of itself the authority upon the survivor,

and in our opinion is the authority for the entry in the minutes of the court of the statement of the legal effect of such order.

There was no error in the court's admitting in evidence the deed from E. A. Ballard, administratrix of the community estate of A. J. Ballard, to May Peak. The evidence shows that Mrs. Ballard filed an application as surviving wife of A. J. Ballard, her bond and inventory and appraisement of the estate, and that her bond, inventory, and appraisement were approved by an order of court, were recorded in its minutes, and that she was authorized to control, manage, and sell the community property of herself and deceased husband, and the deed upon its face shows that it was executed by virtue of such authority. Therefore the deed was admissible in evidence as a link in appellee's chain of title.

After Mrs. E. A. Ballard had qualified as survivor, she was authorized to administer the community estate, and her relation to it was that of an executrix.

"When an executor or administrator, legally qualified as such, has performed any acts as such executor or administrator in conformity with his authority and with law, such acts shall continue to be valid to all intents and purposes, so far as regards the rights of innocent purchasers of any of the property of the estate from such executor or administrator, for a valuable consideration, in good faith, and without notice of any illegality in the title to the same, notwithstanding such acts or the authority under which they were performed may afterward be set aside, annulled, and declared invalid." Rev. Stats. 1895, art. 1879.

We have found that May Peak was an innocent purchaser for a valuable consideration in good faith, without notice of any illegality in the title to the property.

For the purpose of showing E. A. Ballard had been by the court required to give additional security, the appellant offered in evidence the following entry upon the judge's probate docket: "Vacation, July 13, 1891. E. A. Ballard, survivor herein, is required to give additional security." Its introduction was objected to by the appellee, and the court sustained the objection and refused to admit it in evidence. It appears from the bill of exceptions that this entry was made in vacation, and never carried to the minutes of the court; and that the objections to its introduction were that there was no decree or order entered upon the minutes of the probate court requiring Mrs. Ballard to give additional security, and that a judgment or decree of the probate court could not be proved by an entry made by the county judge on his docket in vacation, which had never been carried to the minutes of the court.

By article 1873, Revised Statutes, it is made the duty of the county judge whenever he enters an order upon the minutes in vacation, to date and sign the same officially, and at the close of each term of his court he shall in open court sign the minutes of such term officially after ascertaining that all orders, judgments, decrees, and proceedings of the term have been properly entered, and that all papers requiring to be recorded therein have been so recorded. It is evident from the statute

just referred to that the "minutes" upon which the county judge enters an order in vacation are the same "minutes" in which "all orders, judgments, decrees, and proceedings.of the term" are required to be entered, and that such minutes can not be the judge's docket; for it would be impracticable to enter all the proceedings of the court and record all papers required to be recorded in such docket.

In our opinion the entry sought to be introduced in evidence was properly excluded by the court. Such an entry on a docket made by the judge can not have the effect of such notice as would destroy titles made under the authority of judgments, decrees, and orders of the probate court properly entered in their minutes. It is to the minutes of these courts that parties look to ascertain their proceedings, and when they find in such minutes authority for an administratrix or executrix to control or sell property, and can find therein no revocation of such power, they have the right to rely upon the continuance of its existence.

On the trial the appellant offered to prove by Mrs. E. A. Ballard, that on or about the 13th day of July, 1891, that she was duly served with a citation issued from the probate court of Kaufman County requiring her to give a new bond as administratrix of the community estate of A. J. Ballard, deceased, and that she after being so cited endeavored and attempted to make a new bond, but was unable to do so, and that she never thereafter made a new bond, or gave additional security in said cause; and that such citation was served on her prior to the time she sold the land to May Peak. The court, upon objection of the appellee, refused to admit said testimony. It is not stated in the bill of exceptions what the objection to the testimony offered was. We can not say that there was error in the exclusion of the proffered testimony. The citation and the return of the sheriff thereon would have been the best evidence of its issuance and service, and it may be fair to presume that the testimony offered was objected to upon the ground that there was better evidence, and that such objection was sustained.

In our opinion there is no error requiring a reversal of the judgment of the District Court.

*Affirmed.*

Writ of error refused.