### CARLTON v. CONKRITE. (No. 920.)

(Court of Civil Appeals of Texas. Beaumont. March 16, 1923. Rehearing Denied April 4, 1923.)

1. Appeal and error ⚖══548(5)—Errors in reception of evidence must be preserved by bill of exceptions.

   Rulings of the trial court in admitting or rejecting evidence are not subject to review unless preserved by bill of exceptions.

2. Appeal and error ⚖══499(3)—Bills of exception to rulings excluding evidence must show grounds of objection.

   A bill of exception to the ruling of the trial court sustaining objections to evidence tendered by a party must show the grounds of such objections, and in failing to do so the bill points out no error.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Possessory action by J. H. Conkrite against T. B. Carlton. Judgment for plaintiff, and defendant appeals. Affirmed.

S. M. Adams, of Nacogdoches, for appellant.

Russell & Seale, of Nacogdoches, for appellee.

HIGHTOWER, C. J. The appellee, Conkrite, brought this suit against appellant

Carlton, to recover the possession of one horse and two mules. Appellee alleged that he was the owner of the horse and mules, and that he let appellant have them on February 15, 1921, to keep and use for their feed until December 15, 1921, at which last-named date appellant was to return said animals to appellee; that appellant had refused to return said animals to appellee, and denied appellee's right to their possession. The prayer was for the recovery of possession of the animals.

Appellant answered by general demurrer and general denial, and by special answer alleging substantially, the following facts:

That on December 1, 1918, appellee and appellant entered into a verbal contract, by the terms of which appellee rented to appellant a farm owned by him in Nacogdoches county for the years 1919 and 1920, appellant agreeing to pay as rent for the first year $400 and for the second year $350, and executed his notes in favor of appellee accordingly; that under the terms of the verbal contract, appellant was to make such repairs upon the premises as might become necessary, and appellee was to pay appellant therefor; that during the year 1919 appellant made certain repairs upon the premises; and that during the year 1920 appellant likewise made certain repairs, and did some clearing of land. The character and extent of the repairs claimed to have been made were stated, as well as the value thereof, and the charge for clearing the land was also specified. Appellant further alleged that appellee had never paid him or given him any credit for such work and repairs, and that on February 15, 1921, appellant tried to get a settlement with appellee of their differences, but that they could not reach a settlement; that on said date appellee claimed that appellant owed him, but that in truth and fact appellee, at such time, owed appellant $270; that being unable to agree upon a settlement, on February 15, 1921, it was agreed between the parties that appellant should turn over to appellee certain cotton that had been raised on the premises during the year 1920, and appellee would advance to appellant on the cotton $700, but would hold the cotton until December 15, 1921, and give to appellant the benefit of any rise in the cotton market in the meantime; that at the date of this agreement, appellant owed appellee $200, which was advanced by the latter to take up a note at a bank which appellant owed. Appellant further alleged that at the time of this understanding and agreement, he also agreed to execute and did execute in favor of appellee a mortgage on the horse and mules here sued for by appellee, to further secure appellee in his claim of indebtedness against appellant until they might have a full settlement on December 15, 1921; that appellee was claiming this mortgage to be a bill of sale of the horse and mules, but that if it was such in form, it was, nevertheless, intended by the parties to be only a mortgage; and that the animals were not in fact sold or intended to be sold to appellee, but were still owned by appellant.

Appellee filed a supplemental petition, in which, among other things, he denied that he owed appellant anything as claimed by him, and specially alleged that the instrument claimed by appellant to be only a mortgage on the animals in question was a bill of sale, and was intended by the parties to be such. This supplemental petition further showed that appellee, upon the filing of his suit, caused a writ of sequestration to be issued and levied upon the animals in question, and that they had been replevied by appellant, and that the value of their use and hire while on replevy was $150, and prayed to recover this amount against appellant and the sureties on the replevy bond.

Thereupon appellant filed a supplemental answer, in which he alleged, among other things, that the writ of sequestration was unlawfully and wrongfully sued out, and claimed damages against appellee in consequence, stating the amount.

The case was tried without a jury, and resulted in a judgment for appellee for the possession of the animals sued for, and also for $125 as the value of their use and hire, and it is from this judgment that this appeal is prosecuted.

There is but one assignment of error in the record, and by it complaint is made that the trial court was in error in sustaining objections interposed by appellee to evidence tendered by appellant in support of allegations of fact contained in his answer and supplemental answer, as we have substantially stated them above.

[1] There is but one bill of exception in the record in connection with the ruling of the court rejecting the evidence tendered by appellant, and this bill wholly fails to show the grounds of objection that were interposed by appellee to the tendered evidence, and for that reason the bill fails to show error in the trial court's ruling. It is, of course, elementary that rulings of the trial court admitting or rejecting evidence, where such rulings are objected to and would be complained of in the appellant court, must be reflected by bills of exception in order to have reviewed the action of the trial court.

[2] The rule in this state is equally well settled that a bill of exception to the ruling of the trial court sustaining objections to evidence tendered by a party must show the grounds of such objections, and failing to do so, the bill points out no error. Johnson v. Crawl, 55 Tex. 571; Green v. White, 18 Tex. Civ. App. 509, 45 S. W. 389; Paine v. Dorough (Tex. Civ. App.) 132 S. W. 369; Herndon v. DeCordova, 22 Tex. Civ. App. 202, 54

S. W. 401; Linn v. Waller (Tex. Civ. App.) 98 S. W. 430; Hill v. Hanan (Tex. Civ. App.) 146 S. W. 648; Railway Co. v. Dodson (Tex. Civ. App.) 97 S. W. 523; Railway Co. v. Holzer (Tex. Civ. App.) 127 S. W. 1062; Bank v. Powell (Tex. Civ. App.) 149 S. W. 1096.

It follows from the conclusions above expressed that the judgment of the trial court must be affirmed, and it is so ordered.