## MORRIS v. WILLIAMS et al.

### No. 11893.

Court of Civil Appeals of Texas. Dallas.

Feb. 29, 1936.

Rehearing Denied March 28, 1936.

Perkins & Culbertson, of Fort Worth, for appellant.

Bishop & Holland, of Athens, and Phillips, Trammell, Chizum, Estes & Edwards and Eugene Lary, all of Fort Worth, for appellees.

BOND, Justice.

The appellant, William D. Morris, guardian of the estate of Faye and Dorothy Williams, minors, filed in the district court of Henderson county, Tex., an application for a writ of certiorari to the county court to revise community administration proceedings had in said court. The application was granted, bond given, citation served, and, on hearing, the district court sustained a general demurrer to the petition, and, appellant declining to amend, the suit was dismissed.

The appellant alleged, in substance, that on October 28, 1929, A. G. Williams was appointed by the county court of Henderson county, Tex., administrator of the community estate of himself and wife, Addie Williams, deceased, qualified, and thereafter received letters of administration, that the administration was open and pending, and that appellant's wards were interested in the estate, in that their father, who had predeceased Addie Williams, was her son, and, by reason thereof, they inherited an undivided one-eighth interest in the estate.

The specific grounds alleged, upon which the revision is sought, are: (1) That the application for the appointment of the administrator shows there were no community debts; (2) that there were no minor children of Addie Williams surviving her, there being three adult children and two minor grandchildren; and (3), that there were listed in the application no debts due by the estate—wherefore the county court was without jurisdiction to make the order of appointment, the appointment was improvidently made and is void.

The bond of the administrator is attacked as being defective and insufficient, in that, it was not in an amount equal to the full actual value of the whole of the community estate of A. G. Williams and Addie Williams; the value placed in the inventory and appraisement was far below the actual value of the property; thus the order of the court, in fixing the amount of the bond, was improper, illegal, and insufficient to protect the interest of those entitled thereto.

The sale of the oil and gas leases made by the administrator on lands belonging to the estate were attacked on the ground that the order appointing the administrator was illegal for the reasons above stated, and that there existed no necessity for such sales.

The appellant insists that the jurisdiction of the county court to entertain an application for the appointment of an administrator and to authorize such administrator to control, manage, and dispose of the community property is dependent upon the existence of a minor child or children surviving the deceased at the time of the appointment; and, as the petition of A. G. Williams affirmatively shows that there was no minor child or children surviving Addie Williams, deceased, the county court was not authorized, under the law, to make the appointment; therefore the order of the court, appointing A. G. Williams community administrator, and all acts and deeds of such administrator made thereunder, are void.

The foregoing assignment brings us to the vital question in the case. The contention of the appellant finds support in the cited case of McCarthy v. Texas Company et al. (Tex.Civ.App.) 235 S.W.

679, writ of error granted, and afterwards dismissed on joint motion of the parties. We are not in accord with the holding in the cited case, that the term "child or children" employed in the statute, article 3664, R.S. 1925, means a child or children under lawful age, as distinguished from adults. The statute makes no distinction. We think the term has no such restricted meaning. The term "child or children" implies the widest sense, an offspring of either sex and of any age, designating those persons who are entitled to receive the one-half of the estate under the law of descent and distribution.

Article 2578 provides that, upon the dissolution of the marriage relation by death, if there be a child or children of the deceased, the survivor shall be entitled to one-half of the community property, and the other one-half shall pass to such child or children, or their descendants; article 3662 provides that, where the husband or wife dies, having no "child or children," the common property passes to the survivor, and no administration on the estate is necessary; and article 3663 provides that, where the wife dies, leaving a surviving husband and "child or children," the husband shall have the exclusive management, control, and disposition of the community property in the same manner as during her lifetime, subject to the provisions of the statute.

What are the provisions of the statute?

First. Article 3664 provides: "The husband shall, within four years after the death of the wife, * * * when there is a child or children, file a written application in the county court of the proper county stating: 1. The death of his wife, * * * and the time and place of her death. * * * 2. That she left a child or children, giving the name, sex, residence and age of each child. 3. That there is a community estate between the deceased * * * and himself. 4. Such facts as show the jurisdiction of the court over the estate. 5. Asking for the appointment of appraisers, to appraise such estate." Second. Article 3665 provides that the court shall enter an order appointing appraisers to appraise such estate as in other administrations. Third. Article 3666 provides that the surviving husband, with the assistance of the appraisers, shall make and file an appraisement as other administrations. Fourth. Article 3667 provides that the surviving husband shall present to the court his bond, payable to, and approved by, the county judge, in an amount equal to the whole of the value of such community

estate as shown by the appraisement, conditioned "that he will faithfully administer such community estate, and pay over one-half the surplus thereof after the payment of the debts with which the whole of such property is properly chargeable to such person or persons as shall be entitled to receive the same." Fifth. Article 3668 provides that, when the appraisement, list of claims, and bond are returned to the county judge, he shall examine the same and approve them, and authorize such survivor to control, manage, and dispose of such community property. And sixth. Article 3681 provides that "After the lapse of twelve months from the filing of the bond by the survivor, the persons entitled to the deceased's share of such community estate, or any portion thereof, shall be entitled to have a partition and distribution thereof in the same manner as in other administrations."

Manifestly the predominating purpose of the statute is, where the wife dies intestate, to allow the surviving husband the right to continue the disposition over the community property which he possessed during the continuance of marriage, pay the community debts, and then disburse the remainder to the person or persons as shall be entitled to deceased's one-half of the community, and to prevent administration and guardianship over the estate and the partition and distribution thereof within twelve months after the bond is filed.

Where the wife dies leaving no "child or children," the common property passes to the husband without administration; but, where there is a "child or children," meaning evidently the offspring of either sex and of any age, the person or persons as shall be entitled to share in the community and entitled to its partition and distribution, the statute provides for an administration, declaring a necessity therefor in order to enable the husband to control, manage, and dispose of the joint interests in the estate and to prevent the present partition and distribution thereof by the person or persons entitled thereto.

To give to the term "child or children" the meaning insisted upon, i. e., "persons under lawful age, as distinguished from adults; infants; minors; persons of tender years; young persons; youths; the young of the human species, generally under the age of puberty, without distinction of sex" (7 Cyc. p. 123), would, in our opinion, destroy, in a measure, the very purpose of the statute. The common estate would be sub-

ject to partition and distribution by adult children immediately on the death of the wife or the estate would be subject to general administration or guardianship over the estate, which the statute was designed to prevent. The husband would be unable to administer on the estate for the benefit of those jointly interested therein.

The Legislature had in mind, as we see it, that, where there is a "child or children" of any age surviving, the husband (or the wife, as the case may be) may administer on the estate and, after the tenure of the community administrationship, make settlement with those entitled thereto. Who are the persons entitled to the deceased's estate? Article 2578, supra, affords the answer: "Child or children * * * or their descendants," if any survive, of the deceased spouse. The Legislature intended, we think, in requiring the application to show the status of the person or persons entitled to the estate, by giving the "name, sex, residence and age of each child," to enable the community survivor to make settlement with those entitled thereto, and a proper partition and distribution thereof. Thus, if the "child or children" be a minor or minors, the statute is to avoid guardianship during administration as to them, and, if the "child or children" are adults, to avoid general administration on the estate.

Originally, the law provided that, on the death of the husband or wife, general administration on the deceased's one-half of the community estate was declared necessary merely on the showing of her death and the leaving of common property, unless the survivor posted a bond to faithfully administer the estate and pay over one-half of the surplus, after the payment of common debts to such person or persons as shall be entitled to receive it (Act 1876, G.L. vol. 8, p. 960). The present statute was enacted to provide for community administration, which was not embodied into the old law, when the necessity therefor exists, in order to enable the survivor to continue the control, management, and disposition of the community property for a stated length of time. The necessity therefor is based on the existence of the above-quoted five provisions of the statute and to be shown in a written application. The requirement that the "name, sex, residence and age of each child" be shown in the application is significant only as to inform the court in making the appointment as to the status of the "child or children" who inherit into the estate and to afford a proper partition and distribution thereof, without the burdensome process of guardianship or a general administration on the estate.

We submit it would be untenable to hold that, where there is an adult child or children, as well as a minor child or children, the intention of the Legislature was to provide merely because there was a minor child, the adult children should not be allowed to manage, control, and have the right of distribution to their property. To give the statute the construction that the term "child or children" means only minor children would leave adult children, where no minor child of the deceased survives, free to control, manage, and dispose of their inheritance and deprive the survivor of the right to hold the community status of the property for the time granted by the law.

The community property administration statute was clearly designed to allow the surviving spouse to continue the exclusive control, management, and disposition of the community property as possessed during the marriage, and to faithfully administer the estate and to settle with those entitled thereto. Such rights, in our opinion, do not depend on the minority of those who inherit the estate. The statute, as we see it, is not designed to protect the interest of minor children alone. No valid reason can be assigned for such a construction. The statute makes no distinction as to the status of the children, and courts can make none.

In the case of Green et al. v. White, 18 Tex.Civ.App. 509, 45 S.W. 389, 390, writ of error denied by the Supreme Court, a community administration was appointed on an application reciting, as in the instant case, an adult child and two grandchildren surviving the deceased. The administratrix executed a deed to land belonging to the estate, and, in the trial of the case, the validity of the deed was questioned. The Fourth Court of Civil Appeals, in effect, holds in that case, the survivor was properly appointed as community administratrix, and that "she was authorized to control, manage, and sell the community property of herself and deceased husband; and the deed, upon its face, shows that it was executed by virtue of such authority. Therefore the deed was admissible in evidence as a link in appellee's chain of title. After Mrs. E. A. Ballard had qualified as survivor, she was authorized to administer the community estate, and her relation to it was that of an executrix."

The appellant further insists that there were no community debts of the estate of A. G. Williams and Addie Williams, that there were no debts listed in the application for the appointment of administrator, and that the appraisement of the property was made to show the value of the estate far below the actual value; thus the amount of the bond based thereon is defective and insufficient in amount to protect the interest of those entitled to the estate.

Article 3666, supra, provides that the survivor shall attach to the inventory and appraisement a list of community debts due to the estate and also "a list of all indebtedness due by said community estate to other parties," and article 3671 provides, "Any person interested in such community estate may cause a new appraisement to be made of the same, or a new bond may be required of the survivor for the same causes and in like manner as provided in other administrations."

The county court is a court of general jurisdiction in probate matters, and its orders and judgments are final and conclusive and are presumed valid. If an inventory and appraisement returned in a cause therein pending is inaccurate and incomplete, or the bond insufficient to adequately protect the person or persons entitled to share in the distribution of the estate, such person or persons interested therein, under the provisions of the quoted statute, may cause the inventory and appraisement to be revised and a new bond given. In the instant case, the existence of community debts is shown in the inventory and appraisement, as required by the statute; and, if the appraised value of the community property therein stated and on which the amount of the bond was predicated, or the bond otherwise insufficient to protect the interests of those entitled thereto, the appellant's remedy is to apply to the county court for a new appraisement and a new bond. An incorrect or incomplete inventory and appraisement and the filing of an insufficient bond will not vitiate the appointment of a surviving administrator or render void his acts made thereunder.

The appellant alleges that "such administration on such estate is now open and pending in the county court of Henderson County, Texas"; and no showing is made that an application was ever presented to that court for the administrator, either to present a new appraisement or post a new bond. Therefore the appellant is not authorized by writ of certiorari to revise the inventory and appraisement and to require that the administrator post a new bond to protect the interest of his wards and the other children entitled to share in the estate.

A. G. Williams having filed an application as surviving husband of Addie Williams, under the terms of the statute, his bond, and inventory and appraisement of the estate, and, his bond, inventory, and appraisement having been approved by an order of the court and recorded in the minutes, he was thus authorized to control, manage, and sell the community property of himself and deceased wife; therefore the oil and gas leases executed by him, by virtue of such authority, are regular and valid conveyances, and they cannot be invalidated by a revision of the proceeding through which they were executed.

We find no error in the action of the court in sustaining a general demurrer to appellant's petition and dismissing the case. The judgment of the lower court is affirmed.

Affirmed.