STERNE MORSE *vs.* SHADRACH R. BRACKETT.

On exceptions taken by the plaintiff at the trial of an action for a balance of the price of a lot of eight bales of wool alleged to have been sold by him to the defendant, in defence against which it was set up that the plaintiff warranted the wool to be of a particular kind, but one bale was not of that kind, and so was returned by the defendant, it was decided that the evidence showed that the contract of sale was an entire contract, which the defendant could not rescind in part. After this decision the defendant amended his answer so as to allege that the bale of wool which he returned was *distinct and different* in kind from the other bales, and was returned on the ground that it was not included in the contract of sale. *Held*, that the amendment gave the defendant no right to have the question whether the contract of sale was an entire contract submitted to the jury at a second trial on substantially the same evidence, although the contract was oral.

CONTRACT to recover $190.08 as a balance of the price of a lot of eight bales of wool alleged to have been sold by the plaintiff to the defendant; against which it was set up in defence, that the plaintiff warranted the lot as combing pulled wool, but one of the bales was not that kind of wool, and so was sent back by the defendant.

The case was first tried, in the superior court, before *Lord*, J., and a verdict returned for the defendant; and exceptions alleged by the plaintiff were sustained, as reported 98 Mass. 205–208, · on the ground that the contract of sale of the lot of eight bales (which was oral) was an entire contract, which the defendant

could not rescind in part. At the second trial, *Vose*, J., directed a verdict for the plaintiff for the full amount of his claim ; and exceptions alleged by the defendant were sustained on the ground that the judge " should have left the question of damages to the jury, with instructions that, if a warranty and breach of it had been proved, they should allow the defendant, by way of deduction from the agreed price, the difference between the actual value of the article sold and what would have been its value if it had corresponded with the warranty." See 98 Mass. 208–210. After this decision the defendant amended his answer by alleging that the wool which he returned to the plaintiff was " an article distinct and entirely different in kind from the other bales which he purchased and paid for," and that " said returned bale happened to be among the said bales of combing pulled wool through the fraud or mistake of the plaintiff or of some person for whom the plaintiff is responsible, and without any fault on the defendant's part ; " by denying that " said returned bale constituted any part of the sale to him, or that he is in any way responsible for it ; " and by further alleging that " he returned said rejected bale to the plaintiff upon the ground that it was not included in their agreement, and that he never bought it."

At the third trial, before *Wilkinson*, J., the evidence was substantially identical with that given at the former trials. " Under the evidence, the defendant contended that it would be legal for the jury to be allowed to pass upon the questions, whether the agreement was or was not an entire contract, and also as to whether there was in fact any sale of said rejected bale to the defendant ; but the court ruled otherwise." The defendant also requested instructions, which the judge refused, based on the assumption that the evidence would warrant the jury in finding that the bale in dispute was delivered as a part of the lot of eight bales through the fraud or mistake of the plaintiff. He further requested instructions " that the value of the rejected bale to the defendant, under the circumstances of this case, is the true measure of damages," and " that, if the jury find a warranty and a breach of it, it will be legal for them to calculate

any damages in the reduction of the plaintiff's claim, which the defendant actually suffered by the plaintiff's failure to fulfil his contract." These, also, the judge refused, and instructed the jury " that, as a warranty and breach of it had been proved, they should allow the defendant, by way of deduction from the agreed price, the difference between the actual value of the article sold and what would have been its value if it had corresponded with the warranty." The jury found for the plaintiff, and assessed damages in the sum of $144.41. The defendant alleged exceptions.

*R. B. Caverly,* for the defendant, argued that, as the contract of sale was oral, the amendment of the answer gave the defendant a right to have the question of the entirety of the contract submitted to the jury at the third trial; and generally that the defendant was entitled to all instructions requested by him.

*J. C. Dodge,* for the plaintiff.

COLT, J. This case (now for the third time) comes before the court upon substantially the same evidence as was given at the former trials. Its legal effect is the same; and it was held by this court that it proved an entire contract of sale, for the eight bales of wool, which the defendant could not rescind in part only, on discovering that one of the bales was of a different kind from that for which it was bought. The question of the entirety of the contract, after this decision, could not be submitted to the jury.

Nor was there any evidence which would justify submitting to the jury the question whether the defendant bought the bale which he returned. There was no dispute that the subject matter of the sale included all the eight bales.

In regard to the several instructions asked for on the ground that the bale in question was delivered to the defendant through the fraud or mistake of the vendor, we see no evidence in the case which made such instructions necessary.

As to the rule of damages, the instruction given was in the words of the rule stated in the former decision. See **98 Mass.** 205, 210. *Exceptions overruled.*