FLINT et al. v. NEWTON et al.

(Court of Civil Appeals of Texas. April 19, 1911.)

1. SALES (§ 124*)—RESCISSION BY BUYER—CONDITIONS PRECEDENT — RESTORATION OF GOODS.

A buyer cannot rescind a sale of goods, unless within a reasonable time after discovering the facts upon which his right to rescind is based he offers to return the property,· or shows it to be without value; and hence where buyer admitted his purchase ·of an automobile

he cannot excuse a failure to offer to return by showing that the machine had no market value, for property may have an intrinsic value without a market value.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 303–312; Dec. Dig. § 124.*]

2. SALES (§ 364*)—REMEDY OF SELLER—ACTION FOR PRICE—INSTRUCTIONS.

In an action on a note given for the price of an automobile, where the maker of the note sought to rescind the sale for false representations, but did not seek to recover damages or to recover back his first payment, it was improper for the court to advise the jury as to the rights of the parties, in case they found that the maker failed to offer to return the machine within a reasonable ·time, and that it had a value; for if the machine had a value, and the buyer failed to offer to return it within a reasonable time after discovering its defects, he was entitled to no relief.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1065–1076; Dec. Dig. § 364.*]

Appeal from Bell County Court; · W. S. Shipp, Judge.

Action by A. L. Flint and others against W. R. Newton and others. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

F. M. Spann, for appellants. W. W. Hair and ·Jas. N. Wilkerson, for appellees.

KEY, C. J. A. L. Flint and R. L. Barkley brought this suit against W. R. Newton and J. S. McCelvey, seeking to recover upon two promissory notes for $150 each.

The defendant Newton admitted in his answer the execution of the notes, but alleged they were executed for part payment of an automobile sold by the plaintiff to him; that he bought the machine for an agreed consideration of $500, $200 of which was paid in cash and the notes sued on executed for the balance, and that he was induced to make the purchase, pay the $200, and execute the notes by certain false and fraudulent representations made by the plaintiff Flint as to the quality of the machine. He alleged in his answer that he was unacquainted with automobiles and their values; that Flint represented, warranted, and guaranteed that the machine in question was practically new, except the carbureter and tires; that it was capable of doing the work of a new machine, and would answer the purpose for which Newton desired it, which was to be used in doing his practice as a country physician. He also alleged that the representations referred to were false; that the machine was practically worthless, and that after he discovered that fact, and after the expenditure of $100 for repairs, new parts, adjustments, and renewals, he tendered it back to. the plaintiffs, and they refused to accept it; and·he stated in his answer that: "He now here offers to return and tenders to the plaintiffs said machine, if same be required." He also alleged a breach of the warranty, but he alleged no damages as a result of such

---

.*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

breach, and did not pray for a recovery of damages. He alleged that, on account of the facts stated in his answer, the consideration for the notes had wholly failed, and concluded his answer with a prayer that plaintiffs take nothing by their suit, and that he have judgment against them for the $200 paid to them and for $100, the amount paid out by him for repairs, together with 6 per cent. interest, and that he be discharged with his costs.

The defendant McCelvey adopted the answer of his codefendant, and also alleged that, as between him and his codefendant, he was an accommodation surety upon the notes, and prayed for judgment over against the defendant Newton, in the event of judgment being rendered against him.

There was a jury trial, which resulted in a verdict which reads as follows: "We, the jury, find against the defendant Newton on his claim of two hundred dollars ($200) and also find that said machine is of no value; also for plaintiffs to surrender the three hundred dollar ($300) notes to Dr. Newton, and find in favor of Dr. McCelvey." The court rendered judgment that plaintiffs take nothing by their suit; that the defendant Newton take nothing by his cross-action, etc., and the plaintiffs have appealed.

Among other things, the court instructed the jury as follows: "If you believe by a preponderance of the evidence that before W. R. Newton purchased the automobile from the plaintiffs herein, that A. L. Flint represented to W. R. Newton that the automobile was in good condition, save the tires and the carbureter, and that it was as good as a new machine, and that it would do and perform the work for which an automobile is designed to do, and would satisfactorily perform the services required of it by W. R. Newton in his practice as a country physician, and that W. R. Newton relied upon said representations, if any, made by the said A. L. Flint, and was thereby misled and induced to purchase said machine and pay to plaintiffs $200 cash and execute and deliver the notes sued on in this cause; and if you further believe by a preponderance of the evidence that said machine was out of repair in other parts than the tires and carbureter and practically worn out, and that said machine would not do and perform the work for which an automobile is designed, and would not do the work for which W. R. Newton required an automobile in his practice as a country physician, and that W. R. Newton offered to return said machine to plaintiffs, or either of them, within a reasonable time after he ascertained the true condition of said machine, and the plaintiffs refused to receive same; if you further believe that the defendants now offer to return said machine to plaintiffs, or that the same has no market value—then you are instructed the plaintiffs are not entitled to recover against the defendants, or either of them, in any sum, and that the defendant Newton is entitled to a judgment against the plaintiff in the sum of $200, and interest on same from the date of its payment to this time, at the rate of 6 per cent, per annum. And in this connection you are further charged that if the defendant W. R. Newton kept said machine after a fair trial of same, and after he knew said machine was not as represented to him by A. L. Flint, and did not within a reasonable time thereafter offer to return said machine to plaintiffs, or either of them, then W. R. Newton would be liable to plaintiffs for the market value, if the same had a market value, of said machine at the time and place same was delivered to him by plaintiffs; this fact (that is, whether said machine did or did not have a market value, and, if a market value, the amount thereof) to be determined by the evidence in this case. And in this connection you are further charged that, should you find that W. R. Newton kept said machine and did not offer to return the same within a reasonable time, as heretofore charged, then you are instructed to ascertain from the evidence in this case the amount of market value, if any, which said machine had at the time and place it was delivered to the defendant Newton, and to deduct its market value, if you find it had any, from the sum of $500, the amount which the defendant Newton promised to pay for the said machine, which sum you will take into consideration in making up your verdict in this cause."

[1] Appellants assign error upon the charge quoted, and we sustain the assignment. The only issue presented by the pleadings was appellees' alleged right to rescind the contract; and it is well-settled law that when a rescission is sought it will not be granted, unless it is made to appear that, within a reasonable time after discovering the facts upon which the right to rescind is based, the purchaser offers to return the property, or that it was without any value whatever to either party. The charge in this case authorized a rescission, although there may have been no offer to return the property within a reasonable time, provided it had no market value. Property may have an intrinsic value, and yet have no market value; and if it have either the purchaser must offer to return it within a reasonable time, or lose his right of rescission. 21 Am. & Eng. Ency. Law (1st Ed.) p. 87; Perley v. Balch, 23 Pick. (Mass.) 283, 34 Am. Dec. 56; Conner v. Henderson, 15 Mass. 319, 8 Am. Dec. 103; Morse v. Brackett, 104 Mass. 494; Bassett v. Brown, 105 Mass. 551. Hence we hold that the court erred in limiting the jury to the question of market value, and not so framing the charge as to require a finding that the property had no value of any kind.

[2] We also sustain appellants' contention that, as appellees' answer did not seek to recoup and recover damages, the court should not have undertaken to advise the jury as

to the rights of the parties and require a finding thereon, in the event they found that appellees failed to offer to return the machine within a reasonable time, and that it had a value. As the pleadings stood, if the machine had any value and appellees failed to offer to return it within a reasonable time after ascertaining its defects, they were entitled to no relief.

There are some assignments complaining of the refusal of requested instructions and of the form of the verdict, but as the pleadings will no doubt be changed so as to present other issues, and as there is no probability of a similar form of verdict being returned by another jury, we deem it unnecessary to further discuss the case. Also we express no opinion as to the merits of the case as disclosed by the testimony.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.