## POPE v. CLENDENNEN. (No. 6705.)

(Court of Civil Appeals of Texas. Austin.
Dec. 5, 1923.)

**1. Sales ⊜124—Buyer on rescinding must tender all goods.**

Buyer, under a contract for sale of horses, harness, and tools, could not rescind by tendering the horses alone to the seller, since he must make a legal tender of all the property, unless same is worthless, or show good cause for failure to do so.

**2. Sales ⊜124—Buyer must plead and prove tender of property to rescind.**

To entitle buyer to rescind a contract of sale, he must plead and prove tender of all the property, or show good cause for failure to do so.

**3. Sales ⊜121—Buyer's right to rescind waived by using part of property after tendering back another part.**

Buyer, under contract for sale of horses, harness, and tools, by retaining and using the property for two years after tendering back the horses alone, waived the right to rescind.

**4. Set-off and counterclaim ⊜29(1)—Cross-action permitted for damages resulting from breach of contract.**

In an action on a note given in connection with a contract to rent land and purchase property, defendant was entitled to set up a cross-action for damages within Rev. St. art. 1330, for plaintiff's failure to furnish as much land as he had agreed to, when defendant alleged that the property was purchased and the note executed in connection with and as part of the contract to rent the land.

**5. Pleading ⊜354(2)—Plea for damages for garnishment, without alleging wrongful levy, stricken.**

Plea in cross-action, claiming damages for causing writ of garnishment, without alleging unlawful or wrongful levy, should be stricken.

**6. Sales ⊜121—After waiving right to rescind contract, evidence of expense of keeping property immaterial.**

Where buyer had waived the right to rescind contract for sale of horses, evidence regarding expense of feeding them while in his possession was immaterial.

**7. Evidence ⊜317(10)—Statement of seller's son as to age of horses, without showing agency, hearsay.**

On an issue whether seller had misrepresented age of horses, buyer's testimony regarding statements of what seller's son told him about their age, in absence of showing that son was seller's agent, or that seller was present and heard same, were hearsay, and inadmissible.

**8. Fraud ⊜35—Retaining property does not waive right to damages.**

By retaining property, buyer only waived the right to rescind contract, but did not waive any right to damages resulting from fraud or misrepresentation.

Appeal from Burnet County Court; O. B. Zimmerman, Judge.

Action by J. H. Pope against F. M. Clendennen. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Hammond & Hammond, of Burnet, and White, Wilcox, Graves & Taylor, of Austin, for appellant.

BAUGH, J. Appellant sued appellee on October 27, 1922, in the county court of Burnet county, Tex., on a promissory note for $575, dated November 2, 1920, due October 15, 1921, and sought foreclosure of a chattel mortgage on certain personal property given to secure this note. Appellee admitted executing the note, and alleged that it was given in connection with a contract to rent 140 acres of land from appellant, and in payment for two horses at an agreed value of $400, and for one set of harness, one cultivator, one planter, and one sulky plow, all bought from appellant at the time. He pleaded failure of consideration, in that the horses were balky and utterly worthless, that he had tendered the horses back to appellant within two weeks after he purchased same, and that appellant had declined to receive them. He also pleaded fraudulent representations of appellant as to the age, character, and value of said horses, alleging that appellant knew them to be balky and worthless when he sold them to appellee, and asked for recission of contract and cancellation of note and mortgage. Appellee also set up a cross-action against appellant for damages for (a) failure to furnish appellee 40 acres of the land he agreed to furnish; (b) an expense to appellee of $10 per month for 18 months for keeping the horses, after he had tendered them back to appellant; and (c) $1.40 for the use of certain moneys belonging to appellee which had been garnished by appellant. The case was submitted to the jury on special issues. The questions asked and their answers thereto were as follows:

"Question No. 1: At the time of the sale of the horses under consideration, and at the time of the execution of the note and mortgage sued on, did the plaintiff, J. H. Pope, represent that said horses were seven and nine years old; and that they were good and true pullers; that they were not balky; and that they were good and serviceable farm horses? Answer: Yes.

"Question No. 2: If you answer question No. 1 in the affirmative, then answer the following question: Were said horses at the time of the sale thereof to the defendant as represented by plaintiff? Answer: No.

"Question No. 3: If you answer question No. 2 in the negative, then answer the following question: Did the defendant rely on the representation made to him by the plaintiff, and was he induced to execute the note and mortgage by such representation on the part of plaintiff? Answer: Yes.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Question No. 4: If you answer question No. 2 in the negative, then answer the following question: Did the defendant tender back to the plaintiff the property for which said note was given, upon learning that the horses were not as warranted, and demand a rescission of the contract, and cancellation of the note and mortgage? Answer: Yes.

"Question No. 5: If you have answered question No. 4 in the affirmative, you will answer the following question: What was the reasonable costs of keeping said horses from the time of the delivery thereof to the defendant until delivered back to the plaintiff? Answer: $180."

Based upon these findings, the court rendered judgment that the paintiff take nothing, and that the defendant have judgment against him on his cross-action for $180, costs, etc. From this judgment the plaintiff appeals.

### Opinion.

[1, 2] The first grounds of error charged to the trial court by appellant require a determination as to whether there was a sufficient tender by appellee to authorize a rescission of the contract, and cancellation of the note and mortgage. The only allegation of tender by the defendant on which he claims rescission and cancellation is as follows:

"About two weeks from November 3, 1920, the defendant offered to return said two horses to the plaintiff, who then refused to receive same."

Defendant neither pleaded nor testified that he had ever tendered any of the tools or harness which constituted a consideration for the execution of the note to the extent of $175. On the contrary, he kept the tools and harness, and used them. The plaintiff duly excepted to the pleadings for failure to allege a tender of all the property for which the note was given, objected to the proof thereon, and asked that the question of whether a tender of all the property or only a part had been made by appellee, be submitted to the jury. The trial court overruled all these, and on this issue submitted only question No. 4 above set out. This was clearly error. The right to rescind a contract must be exercised as to the contract in toto. A party cannot retain the benefits and reject the burdens of his own contract. He must rescind the whole or none, and to entitle him to rescind, even where fraud or breach of warranty is admitted, he must make a legal tender, or show good cause for his failure to do so, of all the property, unless same is worthless. To entitle him to rescission, he must both plead and prove this fact. There is no dispute but that the defendant failed to do either in this case. Plaintiff's exceptions to defendant's answer should have been sustained. 6 R. C. L. § 318; Bolt v. State Savings Bank (Tex. Civ. App.) 179 S. W. 1119; Sinnamon v. Moore, 161 Mo. App. 168, 142 S. W. 495; Flint v.

Newton (Tex. Civ. App.) 136 S. W. 821; Nass v. Chadwick, 70 Tex. 157, 7 S. W. 828.

[3] We are of the opinion, however, that the defendant, according to his own testimony, completely waived his right, if he ever had any, to rescind his contract by keeping and using the property after he discovered its defects. He does not contend that there was anything wrong with the tools or harness, and admits that he retained and used them for two years after he purchased same. As to the horses, his testimony is as follows:

"The next time I saw Mr. Pope, which was about two weeks after we traded, I told him the horses had balked with me, and I offered them back to him. He said he would not take them back, but told me to keep them, and he would do what was right about it. I kept the horses and worked them. They balked with me several times when I tried to work them to a wagon. I worked those horses to the plow so long as I lived on the Pope place. I worked them to the wagon several times, but they balked. I was feeding those horses and, of course, I worked them. I did not work them all of the time."

By thus retaining and using the property for the purposes for which he purchased it for a period of nearly two years after he had discovered its defects, and after his alleged tender of only a part of same back to the appellant, he waived all right to rescind his contract, and this matter should not have been submitted to the jury at all. Hallwood Cash Register Co. v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857; Winters v. Coward (Tex. Civ. App.) 174 S. W. 940.

There remains then only the appellee's plea of failure of consideration and his cross-action. There seems to be no contention as to the value of the harness and tools bought by the defendant. Since the case must be reversed for errors pointed out, the question of value of the horses will doubtless arise on another trial. Though the defendant testified that they were worthless, he admits that he used them repeatedly, and there is ample other testimony to show that they were of value. What their value was at the time he purchased them, in the event it be found on another trial hereof that the plaintiff was guilty of misrepresentation in selling them to him, is a matter of fact to be then determined.

[4] Appellant insists that it was error to permit appellee to set up by cross-action his claim that appellant had failed to furnish him as much land to work as he agreed to do, on the ground that the rent contract was a new and different contract from the one sued upon. Appellee alleged that the horses, etc., were purchased and the note executed in connection with and as a part of the contract to rent the land. This we think made it a part of the same transaction between the same parties, and brought it within the

provisions of article 1330 of the Revised Civil Statutes, entitling the appellee to set up by cross-actions any damages resulting from a breach thereof.

[5] The trial court should have sustained appellant's exception to that portion of defendant's cross-action wherein appellee claimed damages against appellant for having caused a writ of garnishment to issue and be levied against appellee's funds. Nowhere is it alleged that such garnishment was wrongfully sued out, or that such levy was unlawfully or wrongfully made. Unless the garnishment was wrongful, no damage would accrue to appellee, and in the absence of an allegation to that effect that portion of his pleading should have been stricken out.

[6] It was also error for the trial court to submit question No. 5 to the jury, or to admit any evidence on that issue. Having waived his right to rescind the contract by keeping and using the property, appellee was not holding the horses as the property of appellant, but as his own, and the expense of feeding them becomes immaterial.

[7] The trial court should not have permitted appellee to testify as to what one of plaintiff's sons had told him about the ages of the horses in the absence of a showing that the son was acting as the agent of plaintiff, or that plaintiff was present and heard same, as such statements would obviously be hearsay.

[8] We have not undertaken to discuss all of appellant's assignments, nor to take them in their order. The foregoing disposes of all substantial matters on which error is predicated, and we do not think the other matters raised will occur on another trial and have passed them without discussion. Nor do we hold that the appellee cannot recover damages for fraud, if any was perpetrated against him in the sale of the horses. In retaining the property sold him, he did not waive any right to damages resulting from fraud or misrepresentation, but did waive any right to rescind the sale and have the note and mortgage canceled on that ground. Grabenheimer v. Blum, 63 Tex. 369.

For the errors committed, the cause must be reversed and remanded for another trial.

Reversed and remanded.