## DAVIS v. MILLER RUBBER PRODUCTS CO.

### No. 12874.

Court of Civil Appeals of Texas. Fort Worth.

July 8, 1933.

Rehearing Denied Sept. 30, 1933.

Bonner & Childress, of Wichita Falls, for appellant.

J. R. Ogle and Smoot & Smoot, all of Wichita Falls, for appellee.

DUNKLIN, Justice.

This suit was instituted by the Miller Rubber Products Company against W. F. Davis upon six promissory notes executed by the defendant in the sum of $232.69 each, dated November 25, 1929, and payable, respectively, on the 10th day of January, February, March, April, May, and June, 1930. The notes were made payable to the Miller Rubber Company, and the plaintiff sued thereon as the assignee, and alleged that it had acquired the notes in due course for value and without notice.

The chief complaint made here is of the action of the court in striking out and dismissing the defendant's pleading of counterclaim or set-off against the notes sued on. According to allegations in that pleading, the Miller Rubber Company, payee in the notes, was a manufacturer of certain automobile parts and accessories in Akron, Ohio, and, in order to facilitate the sale of those products, it entered into a contract with the defendant Davis, by the terms of which Davis agreed to maintain a warehouse in the city of Abilene for the storage of the rubber company products to be sold by Davis on a com-

mission basis in 47 different counties in the state.

According to further allegations, the contract was to continue for one year from its date, to wit, October 31, 1928, and the Miller Rubber Company agreed to pay Davis a commission of 5 per cent. on all sales made by him in that territory; and to employ salesmen to assist Davis in effecting such sales, and also to pay 5 per cent. commission on all sales made by them.

Davis executed a bond payable to the Miller Rubber Company in the sum of $25,000 to insure the faithful performance of his contract and install filling station equipment for the operation of a store for the sale of products at retail.

According to further allegations in the pleadings, the Miller Rubber Company failed to supply the salesmen which it had agreed to employ, and also failed to supply the products of the kind and quality and in the amount which it had agreed to furnish him, and by reason of such failure Davis was unable to supply contemplated market demands, as a result of which the sales made by him fell far short of what they would have been but for such breaches of contract, and he sustained losses thereby in the sum of $5,-000, which, by his counterclaim, he sought to recover as damages as an offset to the notes sued on.

It was further alleged in that plea that the notes sued on by the plaintiff were given for merchandise purchased by defendant from the Miller Rubber Company under the provisions of said contract for resale at wholesale prices to local dealers in the 47 counties in question, and that the notes were executed with the understanding between defendant and the Miller Rubber Company that his execution of them would be without prejudice to his right to assert his said counterclaim against the collection of those notes.

■■ As against the general and special demurrers presented to the cross-action, those allegations must be accepted as true; and, so construing them, the counterclaim presented "a cause of action arising out of or incident to, or connected with the plaintiff's cause of action," and was admissible under the provisions of article 2017, Rev. Civ. Statutes. Maury-Cole Co. v. Lockhart Gro. Co. (Tex. Civ. App.) 173 S. W. 262; Ft. Smith Couch & Bedding Co. v. George (Tex. Civ. App.) 222 S. W. 335; Pope v. Clendennen (Tex. Civ. App.) 257 S. W. 335. And to the same effect see Stevens-Etter Co. v. Grain Juice Co. (Tex. Civ. App.) 285 S. W. 667.

Hence there was no merit in the demurrer to the cross-action on the ground that it presented a claim for unliquidated and uncertain damages founded on a breach of contract while plaintiff's suit was for debt evidenced by a certain demand in the form of promissory notes.

■■ Another exception to the counterclaim which the court sustained was that "it was barred by the statute of limitations, since the same accrued, if at all, from time to time between October, 1928, and October, 1929, and such pleading was filed April 4, 1932." The exception does not indicate whether the two or four year statute of limitation was intended to be pleaded. If the four-year statute (Rev. St. 1925, art. 5527), was invoked, then, as indicated by the language of the exception itself, that statute was not applicable. Nor could the two-year statute of limitation (Rev. St. 1925, art. 5526), be given effect in the absence of an affirmative showing in the pleading presenting the counterclaim that the same was founded upon a parol contract. Indeed, that pleading indicated that probably the counterclaim was founded on a contract in writing. It follows, therefore, that the action of the court in sustaining the exception last noted to the counterclaim was likewise erroneous.

■ According to further allegations in the defendant's pleading presenting the counterclaim, the plaintiff, Miller Rubber Products Company, acquired the notes with full knowledge of the facts alleged in the pleading, and therefore it was not an innocent purchaser for value and in due course; that as a matter of fact the Miller Rubber Products Company and the Miller Rubber Company were two interlocking corporations with the same directorate and the same officers, and both well knew all the facts upon which the counterclaim was founded at the time the notes were executed. The facts so alleged were available to the defendant in connection with the facts made the basis of his counterclaim, whether the notes sued on were negotiable or nonnegotiable instruments. Rev. Civ. St. 1925, art. 5935, § 58; articles 567–570; 5 Tex. Jurisprudence, p. 40, § 32. And in this connection it may be noted that, while it was alleged in plaintiff's pleadings that it acquired the notes "in due course of trade and without notice," there was no allegation of facts showing that they were in fact negotiable instruments. Nor is there in the record brought here any statement of facts showing that they were negotiable instruments.

The erroneous rulings pointed out above will require a reversal of the judgment, and therefore it is unnecessary to determine the merits of another assignment to the action of the court in denying the application of defendant Davis to place the case on the jury docket to be tried the following week to which a jury had been summoned; and the further assignment to the action of the court in overruling the defendant's motion for con-

tinuance. Indeed, it appears from the allegations in the motion for continuance defendant sought a postponement of the trial in order to obtain testimony of witnesses to establish the facts upon which his counterclaim was founded; and of course that testimony would not have been available in any event, after the counterclaim had been stricken out on the demurrers and exceptions thereto.

For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded.