### No. 2572.

### JOSEPH NASS v. J. N. CHADWICK.

1. VENDOR AND VENDEE.—When the vendor reserves an express lien to secure unpaid purchase money notes given for land, the contract is executory, and in default of payment he may affirm the contract and foreclose his lien, or may disaffirm it on account of the default and recover the land. In either event he must deal with the contract as an entirety. If, therefore, a note given for one of the deferred payments be barred by limitation, he can not recover such a proportion of the land as the note barred by limitation bears to the entire purchase money, and foreclose on the remainder to enforce payment of the notes that are not barred by limitation.

APPEAL from Waller. Tried below before the Hon. W. H. Burkhart.

*Harvey & Brown,* for appellant.

*C. R. Breedlove,* for appellee: The contract for the sale of the land was executory. Suit was brought on notes with vendor's lien retained. Defendant pleaded limitation, and one note was barred. Plaintiff by supplemental petition asked for recovery *pro tanto* of land sold. Under this state of case it was the duty of the court to render judgment for notes not barred, and to compel a reconveyance of land in proportion to purchase money barred by limitation. (McKelvain v. Allen, 58 Texas, 383, and cases cited; Ransom v. Brown, 63 Texas, 188, 190.)

WILLIE, CHIEF JUSTICE. On a former day of this term the statement of facts was stricken from the record in this cause. All such assignments of error and propositions as relate to the admission of evidence or its sufficiency to sustain the judgment will therefore be passed over without consideration. The only question we can consider is whether the judgment rendered below was such as could be rendered under the pleadings, had every allegation been established by the evidence.

The pleadings disclose a case where the plaintiff below sold to the defendant a tract of two hundred acres of land for one thousand two hundred dollars, receiving three hundred dollars cash and the three promissory notes of the vendee, each for three hundred dollars, and payable respectively twelve, twenty-four and thirty-six months after date. A lien was reserved to secure the unpaid purchase money. Suit was originally brought to recover the money due on all the notes, and to foreclose the lien upon the land. The defendant having pleaded the statute of limitations, and one of the notes being barred, the plaintiff amended, praying for a foreclosure of the lien as to the two notes not barred, and a recovery of an undivided one-fourth interest in the land, in lieu of a recovery upon the remaining note. Judgment was accordingly rendered for the amount of these two notes, and a foreclosure of the lien as to all the land except one undivided fourth, and that the plaintiff recover this fourth, and have a fee simple title thereto vested in him as against the defendant. This is the judgment appealed from by the defendant. The petition seeks to affirm the contract as to the sale of the land, so far as two of the notes are concerned, and to rescind it as to the other.

It is well settled by frequent decisions of this court that where the vendor reserves an express lien to secure the purchase money of land, the contract is executory; and in default of payment of the purchase money the vendor may either affirm the contract, sue for the money and foreclose his lien, or he may rescind the contract and recover the land itself. (Tom v. Wollhoefer, 61 Texas, 277; Coddington v. Wells, 59 Texas, 50; Ransom v. Brown, 63 Texas, 188.)

But it has never been held that he could affirm the contract in part and rescind as to the remainder. This contract is an entirety, and as such must either be affirmed or rescinded. In this respect it differs from no other contract. To allow a vendor the privilege claimed in this petition would be to give one con-

tracting party the power to bind the other by their agreement in so far as it was advantageous to the former, and to repudiate it as to so much as was not favorable.  It is unnecessary, however, to elaborate the point as it has already been held by this court that the affirmance or rescission must be as to all or none of the contract.  It must be treated as vesting title to the whole tract in the vendee, or the whole title must be claimed by the vendor in case of a default in the payment of the purchase money.  (Burson v. Blackley, 67 Texas, 11.)

The judgment rendered in this case was in accordance with the prayer of the petition, and in direct opposition to the law governing such contracts as enforced by this court.  The claim and the judgment should have been for all the purchase money due or for all the land.  Because of this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 28, 1888.