## PAINE et al. v. DOROUGH.

(Court of Civil Appeals of Texas. Nov. 24, 1910.)

1. LANDLORD AND TENANT (§ 248*)—LANDLORD'S LIENS—PRIORITY.

Under the express provisions of Sayles' Ann. Civ. St. 1897, art. 3339a, the lien of a landlord for rent and advances made to a tenant, to enable him to gather the crops, is superior to a laborer's lien.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 248.*]

2. APPEAL AND ERROR (§ 758*)—ASSIGNMENTS OF ERROR—STATEMENTS.

Assignments of error in appellant's brief, which are not followed by statements that will enable the court to consider them without searching the record for the facts, will not be considered in detail.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. § 758.*]

3. APPEAL AND ERROR (§ 499*)—BILL OF EXCEPTIONS—QUESTIONS PRESENTED.

Where the bill of exceptions shows that a question was excluded, but fails to show the objection, the court cannot say whether the exclusion was correct or otherwise.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2299; Dec. Dig. § 499.*]

Appeal from Montague County Court; A. W. Ritchie, Judge.

Action by G. T. Dorough against W. E. Paine and J. B. Wall. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

W. T. Russell and C. F. Spencer, for appellants. Geo. S. March, for appellee.

HODGES, J. The appellee recovered a judgment in the county court of Montague county for the sum of $124.75 against the appellants, W. E. Paine and J. B. Wall, jointly, for the conversion of portions of crops upon which he claimed a laborer's lien, and for the same amount against one J. Johnson for debt due for labor performed.

The evidence shows that in January, 1908, Johnson made two separate and distinct contracts with the appellants, by virtue of which he rented certain lands from them for that year. One of these was with Paine, and the other with Wall. He agreed to pay as rents one-fourth of the cotton and one-third of the corn raised by him. Johnson, being unable to furnish himself with supplies necessary to enable him to make and gather the crops upon the rented premises, secured from each of his landlords, at different times during the year, certain advances. From Paine he received money and other supplies amounting to $339, and from Wall similar advances to the amount of $154.67. About the time of renting this land Johnson employed the appellee, Dorough, as a farm laborer, to assist him during the year in the cultivation of the crops to be grown on the rented premises, for which he agreed to pay Dorough the sum of $20 per month. Dorough worked with Johnson till July 22d of that year; at

that time Johnson owed him as wages $124.75, none of which was paid. Within a few days after quitting Johnson's employ, Dorough perfected his laborer's lien in the manner required by statute. In the fall of the year, when the time for beginning the harvest arrived, Johnson informed Paine that he was not financially able to gather the crops on the latter's place, and proposed to turn them over to Paine to gather, to get therefrom his rents and what Johnson owed him. Johnson stated at the time that if this offer was not accepted he would "let it (the crop) go." He also proposed at the time to hire to Paine to gather the cotton at $1 per hundred. Paine accepted the offer, and gathered and sold the cotton and corn. The amount realized is shown by the undisputed facts to be less than the sum due him for rents and advances. It is further shown by the evidence that on Wall's farm Johnson gathered eight bales of cotton and then abandoned the crop, leaving it in charge of one Goad to finish. Wall was compelled to make further advances to have the cotton harvested. After paying the expense of gathering, and deducting from the gross amount received his rents and advances made to Johnson, there were $14.50 remaining. This sum Wall tendered and paid into the court below.

The grounds upon which the appellee relies to support the judgment rendered against Paine and Wall in this suit is that they each converted to their use more of the crops received by them from Johnson than was necessary to reimburse themselves for their advances and to pay the rents due from Johnson. From the testimony, which seems to be undisputed, we think this judgment was entirely without support.

The liens of the appellants for their rents and the advances made to Johnson to enable him to make and gather the crops on the rented premises, were superior to that of the appellee for labor performed. Sayles' Ann. Civ. St. 1897, art. 3339a.

Most of the assignments of error presented in appellants' brief are without merit, and many of them are not followed by statements which enable us to intelligently consider them without searching the record for the facts. For this reason we do not pass on them in detail. Among the numerous objections urged was an exception to the substance of appellee's original petition. Inasmuch as the case is to be reversed upon other grounds, we suggest that this instrument be amended so as to conform more nearly to correct rules for the statement of a cause of action. This case originated in the justice court, where such pleading may be oral, but appellee chose to put his in writing. The petition is exceedingly vague and indefinite, even for a justice court pleading. It is also complained that the court erred in refusing

to permit appellants' counsel to interrogate appellee while on the witness stand on cross-examination, concerning a gambling debt. The following is the question propounded: "Is it not a fact that during the time that you worked for the defendant, J. Johnson, that you gambled with him and won from him some $80 of his money and set off the account you owed with this money yourself, instead of the money you loaned him, and are now suing for the balance?" The bill of exception shows that the court sustained an objection to this question, but does not inform us what the objection was; and we are therefore unable to say whether the court ruled correctly or otherwise. Kolp v. Specht et al., 11 Tex. Civ. App. 685, 33 S. W. 714, and cases cited. If the purpose of the question was to show that a part of the debt claimed was based upon a gambling transaction, and if the testimony expected to be elicited would have tended to establish that fact, it would seem to be a material inquiry. However, there might have been some valid objection made.

The judgment of the county court is reversed and the cause remanded.