### HILL v. HANAN & SON.

(Court of Civil Appeals of Texas. Amarillo. March 16, 1912. On Rehearing, April 20, 1912.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS —SUFFICIENCY.

Assignments of error, which do not purport to copy anything from the record, but merely to give the appellant's version of what the record shows, cannot be considered under rule 31 for the Courts of Civil Appeals (142 S. W. xiii), providing that to each proposition under an assignment shall be joined a brief statement of the proceedings in the record which are necessary to explain and support it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 527*)—BILL OF EXCEPTIONS—NECESSITY.

Under rule 53 for the district and county courts (142 S. W. xxi), providing that there shall be no bill of exceptions taken to the judgments of the court rendered on matters which at common law constitute the record proper, no bill of exceptions is necessary to present for review the action of the trial court in refusing to accept the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2381–2383; Dec. Dig. § 527.*]

**3. TRIAL (§ 337*)—VERDICTS—ACCEPTANCE BY COURT.**

Where the court gave a peremptory instruction, its action in refusing to accept a verdict contrary to that instruction is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 790; Dec. Dig. § 337.*]

**4. SALES (§ 121*)—REMEDY OF PURCHASER—ELECTION OF REMEDIES.**

Where shoes purchased by the defendant were inferior so that he would have been justified in refusing to accept them under the theory of a breach of an implied warranty, his subsequent agreement to pay part of the price immediately and give notes for the remainder was an election to affirm the contract, and so he cannot rescind it, and at most can only claim damages for defects in the shoes, and hence, in an action by the seller for the price, a peremptory instruction charging the jury to find for the seller is correct.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 296–301; Dec. Dig. § 121.*]

**5. SALES (§ 404*)—REMEDIES OF BUYER.**

Where shoes sold to defendant were not in accordance with the contract, the defendant might either rescind by returning or tendering all of the shoes purchased, or he might affirm the contract and recover damages for the difference between the actual value of the shoes and what their value would have been if they had been according to contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1146; Dec. Dig. § 404.*]

**6. APPEAL AND ERROR (§ 499*)—BILL OF EXCEPTIONS—SUFFICIENCY.**

A bill of exceptions to the exclusion of evidence which fails to show the objection made to its introduction is fatally defective and will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2299; Dec. Dig. § 499.*]

**7. APPEAL AND ERROR (§ 692*)—BILL OF EXCEPTIONS—SUFFICIENCY.**

A bill of exceptions to the exclusion of evidence, which fails to show what the excluded testimony would have been had it been introduced, cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2905–2909; Dec. Dig. § 692.*]

On Rehearing.

**8. APPEAL AND ERROR (§ 748*)—WAIVER OF ERROR.**

Where appellee's counsel waived objections to defects in appellant's assignments of error, those assignments will be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3058–3064; Dec. Dig. § 748.*]

**9. TRIAL (§ 296*)—REVIEW—HARMLESS ERROR.**

Where the court, after charging the jury, properly gave a peremptory instruction in favor of plaintiff, errors in the charge were immaterial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

Appeal from District Court, Hartley County; D. B. Hill, Judge.

Action by Hanan & Son against J. A. Hill. From a judgment for plaintiffs, defendant appeals. Affirmed.

See, also, 131 S. W. 245.

R. E. Stalcup and Harrington & Moore, all of Dalhart, for appellant. Chauncey & Carter, of Dalhart, for appellees.

GRAHAM, C. J. This is an appeal from the district court of Hartley county, wherein judgment was rendered in favor of appellees against appellant for the balance due on the purchase price of certain shoes sold appellant by appellees. The record shows that appellees are manufacturers and wholesale dealers in shoes, their place of business being in Brooklyn, in the state of New York; that appellant is a retail merchant, residing in and with place of business at Dalhart, Tex.; that in the spring of 1907 appellant began handling appellees' shoes, under an agreement or contract that appellees would make good all defects in the material and workmanship of the shoes sold by them to appellant; that during the months of May, June, August, September, and October, 1907, appellees shipped to appellant bills of shoes on appellant's orders therefor at specified prices agreed on between appellees and appellant; that all goods were sold on 60 days' time; that about December 9, 1907, appellant having failed to pay anything on the purchase price of any of said goods to appellees, and the 60 days having elapsed since the last purchase, appellees demanded settlement, which demand on December 28, 1907, resulted in another agreement being entered into through the mail and by telegram to the effect that appellant pay $350 in cash and settle the balance of the account in two notes, due in 30 and 60 days, respectively. The $350 in cash was paid on December 28, 1907, but appellant failed to execute and deliver the notes as he had agreed he would, and in lieu of executing and delivering the notes, and being pressed for a settlement by appellees, on January 14, 1908, appellant shipped to appellees portions of the shoes he had purchased, aggregating in value, according to the purchase price, $786.35, and asked that appellees accept same in settlement of the balance due on his account, which appellees declined to do and brought this suit. The letter informing appellees of the shipment which appellant had made made a slight complaint as to the quality of some of the shoes purchased from appellees. Appellant answered by general demurrer, general denial, and pleaded especially that the goods sold were not as per contract of purchase, and claimed the right to return the defective goods under the contract (though he made no tender in court of such balance of the goods as the record shows he then had on hand); also pleaded expense incurred in making good defects in certain of the shoes which he had sold to his customers, and pleaded damages to his business resulting from defects in the shoes, and asked for recovery. By supplemental petition, appellees pleaded general and special exceptions, general denial, and

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

especially pleaded that after appellant had discovered all such defects, if any, as existed in the shoes, he had secured an extension of time for the payment of his bill and had in part carried out said second contract without any complaint as to defects in the shoes, and had thus waived his right, if any he ever had, to rescind the contract of sale. A trial before a jury resulted in a verdict and judgment for appellee against appellant for the sum of $764.41 and interest, being the balance of the purchase price of the shoes, less such damages as an offset as was allowed by the jury.

[1] Appellant brings the case before this court on eight assignments of error, the first three of which complain of the different paragraphs of the trial court's charge; but in view of the fact that the trial court subsequently gave a peremptory instruction on which the jury returned its verdict, the question of whether or not the portions of the court's charge complained of under the first, second, and third assignments contain error, we think becomes immaterial; and, aside from this, appellees object to our considering appellant's first, second, and third assignments for the reasons that rule 31 for the government of the Courts of Civil Appeals has not been complied with as to the statement submitted under either of said assignments. An inspection of the purported statement under each of said assignments has convinced us that appellee's objections are well founded, in that the statement under neither of said assignments purports to copy anything from any part of the record, and only purports to give appellant's version of what the record shows, and the statement fails to refer to any part of the record by page or otherwise, even for verification of appellant's version as given of what the record is supposed to show. For these reasons, we decline to consider appellant's first, second, and third assignments. Rule 31 for Courts of Civil Appeals (142 S. W. xiii); Paine et al. v. Dorough, 132 S. W. 369; S. K. Ry. Co. of Texas v. Lockhart, 141 S. W. 127.

[2] Under appellant's fourth assignment of error complaint is made that the trial court declined to accept a verdict tendered by the jury, and the fact that this occurred is made to appear by affidavits of certain jurors attached to a motion for a new trial, which motion for a new trial the record shows was acted on by the trial court and was overruled. No bill of exception appears in the record covering this action of the trial court, and appellees object to our considering this assignment because the same is not based on a bill of exception. As we construe rule 53 (142 S. W. xxi) for government of the district and county courts, no bill of exception was necessary in order to have this action of the trial court reviewed by the appellate court. Thomason v. Mason, 141 S. W. 1075.

[3] Since a peremptory instruction was given the jury by the trial court, we think if the action of the trial court complained of under this assignment would ordinarily be held error, such error, if any, becomes immaterial under the record in this case, and for that reason said assignment will be overruled.

[4, 5] Under appellant's fifth assignment, complaint is made that the trial court gave a peremptory instruction; the instruction itself being as follows: "You are instructed to return your verdict in this case as follows: 'We, the jury, find for the defendant on his cross-bill for making good defective shoes, the sum of $150, and after deducting same from the purchase price of the shoes, we find for the plaintiffs against the defendant in the sum of $627.55, with interest on said $627.55 at the rate of 6 per cent. per annum from January 1, 1908, to the present time.'" The assignment of error is as follows: "The court erred in directing the jury to find a verdict for the plaintiff for the reason that the pleadings of the defendant and the evidence offered by him raised the issues of a clear defense to plaintiff's cause of action and which the jury should have been allowed to pass upon." The only proposition submitted under this assignment is as follows: "It is error for the court to give to the jury a peremptory charge to find for plaintiff, when the pleadings and the evidence raised issues which should have been submitted to the jury for their determination, and there is a conflict in the evidence under this issue." The statement submitted under this proposition is as follows: "The pleadings raised issues as to whether the defendant had a right under his contract of purchase to return the shoes in controversy. See testimony of W. H. Hanna, St. of facts, p. 21; testimony of J. A. Hill, St. of facts, pp. 14 and 15."

From the foregoing it is made clear that appellant's only contention under this assignment is that he had a right to have submitted to the jury the question of whether or not he could return the unsold goods and get credit for them, and as we view the record, while appellant's evidence may have been sufficient to raise such an issue, we think his pleadings are wholly insufficient to do so. As we view appellant's pleadings, they present a claim on appellant's part of a right of compensation for defects in any and all of the shoes in which defects may appear; but no agreement, giving appellant a right to return the shoes in case of defects or for other cause, is alleged. While appellant's pleadings are such that under proper conditions he might have refused to accept and pay for the shoes under the theory of a failure of an implied warranty, had he done so in proper time and before making a subsequent contract for an extension of time, a part of which subsequent contract being that he pay a part of his indebtedness and agreed to pay the remainder in 30 and 60 day notes,

without in any way mentioning or contending for a right, if any he ever had, of canceling the contracts of sale, the record conclusively shows that appellant at no time sought to rescind the sale, but attempted to pay the balance due on his account by selecting from his stock certain of the shoes purchased by him from appellees and shipping them back to appellees and himself retaining the remainder of the shipments in his possession. The record does not even tend to show that the shoes sought to be returned to appellees were returned because of defects, or because not in compliance with either an express or implied warranty, but were returned because appellant thought that a more convenient way to him for settlement of his account. Even if appellant had a legal right under the record to rescind the contracts of sale at the time he shipped these shoes back to appellees, his acts show most clearly he did not do so in order to rescind. He could have done so by returning or tendering all of the unsold shoes to appellees, which the record shows conclusively he did not do. If in fact the shoes sold by appellees to appellant were not in accordance with the requirements of the contracts of sale, appellant had either of two remedies. He could rescind by returning or tendering all of the unsold shoes and demanding what he had paid thereon, or he could have retained the shoes and recover damages for the difference between their actual value and what their value would have been if according to contract; and whatever may have been appellant's intentions, the record in this case, as we view it, shows conclusively that he by his conduct elected to and did pursue the latter remedy, and that therefore he became bound to pay the purchase price of the shoes, less such damage as he had sustained because of their not being in accordance with the terms of the contract. And under this assignment it will be noted that no complaint is made as to the charge of the court as to the amount appellant was allowed to recover on his cross-action, but complaint is directed alone to the fact that the court directed a verdict for the plaintiff for the balance due on the account and denied appellant the right to return or have credit for such shoes as he might seek to return on the account. Crystal City & U. R. Co. v. Isbell et al., 126 S. W. 47; Nass v. Chadwick, 70 Tex. 157, 7 S. W. 828; Oltmanns Bros. v. Poland, 142 S. W. 653. For the reasons and under the authorities cited, we think no error is pointed out under appellant's fifth assignment, and it will therefore be overruled.

[6] Appellant's sixth, seventh, and eighth assignments of error are based upon the action of the trial court in excluding proffered testimony, and appellees object to our considering said assignments for the reasons that the bills of exception on which they are based respectively do not show what the ob-

jection was on which the proffered evidence was excluded. We have examined the bills of exception as found in the record, and find that appellee's contention is correct. It has been held many times in this state that a bill of execution to the exclusion of evidence, which fails to show the objection that was made to the introduction of the evidence, is fatally defective and will not be considered by the appellate court. Schoch v. City of San Antonio et al., 57 S. W. 893; Texas & Pacific Co. v. Lawson, 10 Tex. Civ. App. 491, 31 S. W. 843.

[7] The bill of exception on which appellant's eighth assignment of error is based also fails to show what the excluded testimony would have been had it been introduced, and for this additional reason the eighth assignment cannot be considered. Sou. Pac. Co. v. Sorey, 142 S. W. 119.

Finding no reversible error in the record, the judgment of the trial court will in all things be affirmed, and it is so ordered.

## On Rehearing.

[8] Appellant's counsel have called our attention, in motion for rehearing, to the fact that, while the case was on submission in oral argument in open court, appellee's counsel waived the defects in appellant's brief, as applied to assignments first, second, and third, in so far as the same had not been prepared in accordance with rule No. 31, which fact we overlooked in disposing of this appeal and in the preparation of the written opinion filed therein. In view of the oral agreement, made in open court, in justice to appellant, we feel that assignments first, second, and third should be considered by this court as if properly briefed, and we will therefore do so.

[9] As stated in the original opinion, however, the verdict of the jury being in response to a peremptory instruction given by the trial court, the portions of the court's main charge complained of under the first, second, and third assignments became immaterial.

We have carefully reviewed the reasons given in appellant's motion for a rehearing, and believing that the case was properly disposed of in our original opinion, except as herein qualified, the motion for rehearing will be overruled, and it is so ordered.