### MISSOURI, K. & T. RY. CO. OF TEXAS v. CHURCHILL. (No. 57-2773.)

(Commission of Appeals of Texas, Section A. June 21, 1919.)

APPEAL AND ERROR ☞499(4)—OBJECTIONS TO CHARGE—PRESENTATION IN TRIAL COURT—REVIEW.

An assignment of error based on objections to the charge will not be considered, where there is no authentic record that objections were presented to trial court before main charge was read to jury, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, though it is not necessary to show by formal bill of exceptions that objections were presented before charge was read to jury.

Error to Court of Civil Appeals of First Supreme Judicial District.

On motion for rehearing. Motion overruled.

For former opinion, see 212 S. W. 155, affirming judgment of the Court of Civil Appeals in 171 S. W. 517.

STRONG, J. It is insisted in the motion for rehearing that, under the holding in the Dickey Case, 108 Tex. 126, 187 S. W. 184, cited in the original opinion, the Court of Civil Appeals erred in refusing to consider defendant's first assignment of error, which is based on certain objections to the charge of the court. The Court of Civil Appeals refused to consider this assignment, because it did not appear that the objections to the charge were presented to the trial court before the main charge was read to the jury. While the Dickey Case holds that it is not necessary to show by formal bill of exception that the objections to the charge were presented to the court before the charge was read to the jury, it distinctly holds that there must be some authentic record showing that such objections were presented to the court before the reading of the charge to the jury. In the course of the opinion, Chief Justice Phillips, speaking for the court, says:

"The amendatory act is silent with respect to the manner in which it is to be evidenced of

record what objections were made to the general charge of the court, and that those made were presented to the court before the reading of the charge to the jury, as is plainly required by amended article 1971. To accomplish the purpose of the amendatory act in its relation to the general charge there should, of course, be some authentic record that the objections to the general charge urged on the appeal were in fact presented to the trial court, and .presented before the charge was read to the jury."

There is in the transcript a paper denominated "Defendant's Exceptions to the Court's Charge," which is signed by counsel for defendant, and appears to have been filed on the same day as the charge; but there is nothing in the record to show that this paper was presented to the trial court before the main charge was read to the jury. Such being the state of the record, the Court of Civil Appeals did not err in refusing to consider the assignment of error based on the objections to the charge contained therein.

We think the case was correctly disposed of in the original opinion, and therefore recommend that the motion for rehearing be overruled.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.