## CONLEY v. TEXAS CO.    (No. 201.)

(Court of Civil Appeals of Texas. Eastland. June 4, 1926. Rehearing Denied Dec. 31, 1926.)

1. **Appeal and error** ☞1028—**Assignments of error are immaterial, where correct result has been reached.**

Where the correct result has been reached, assignments of error become immaterial.

2. **Mines and minerals** ☞109—**Plaintiff suing for extra work in drilling oil well had burden of proof that defendant furnished defective casing.**

In action to recover for extra work performed and material furnished in drilling an oil well, plaintiff had burden of proving that defendant furnished defective casing.

3. **Mines and minerals** ☞109—**In action to recover for extra work in drilling oil well, evidence held to support finding that defective casing had not been furnished.**

In action to recover for extra work performed and material furnished in drilling oil well, evidence *held* to support jury's finding that defective casing had not been furnished by defendant.

4. **Appeal and error** ☞215(1)—**Objection to charge cannot be first made in appellate court (Rev. St. 1925, art. 2185).**

Under Rev. St. 1925, art. 2185, assignment of error, complaining of charge to which objection was first made in appellate court, cannot be considered.

5. **Contracts** ☞322(2)—**In action to recover for extra work in drilling oil well, submission of issue whether defendant had notified plaintiff of dissatisfaction of work being done held proper.**

In action for extra work performed and material furnished in drilling oil well, under contract which provided that, if work was not done in accordance with regulations of Railroad Commission, defendant might take over work and cancel contract, submission of issue whether defendant notified plaintiff of any dissatisfaction with the work being done *held* proper.

6. **Evidence** ☞271(19)—**In action for profits after alleged breach of contract, letter reciting plaintiff's consent to defendant's assumption of work held properly admitted as against objection of self-serving.**

In action to recover reasonable profits, after defendant's alleged breach of contract for pulling certain oil well casings, letter written by defendant to plaintiff, reciting plaintiff's agreement that defendant should take over work, *held* unquestionably admissible in part as against general objection that it was self-serving.

7. **Trial** ☞85—**Objection to evidence admissible in part must be leveled at the inadmissible portion.**

Where an instrument offered in evidence is admissible in part and objectionable in part, objection must be leveled at the portion inadmissible, thus giving court opportunity to limit introduction to the admissible part only.

8. **Appeal and error** ☞1050(1)—**Admission of testimony that work was not being done to witness' satisfaction held not prejudicial, in action for breach of contract.**

In action to recover anticipated profits after alleged breach of contract for pulling oil well casings permitting witness for defendant to testify that work was not being done to his satisfaction *held* not prejudicial, in view of finding that work was not being done according to rules of Railroad Commission and defendant's right under contract to take over work.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On Motion for Rehearing.

**9. Contracts ⊂⇒273—Defendant held not authorized to cancel contract in part by taking over certain work, and affirming in part by permitting plaintiff to continue certain work.**

Defendant, authorized by contract to take over work of pulling casings in three oil wells, if not done to its satisfaction, *held* not authorized to cancel contract in part and affirm it in part by taking over work as to two wells on which plaintiff had not started work, and at the same time permitting plaintiff to finish work on the first well.

**10. Contracts ⊂⇒273—Indivisible contract cannot be partially rescinded except by mutual agreement.**

If a contract is entire and indivisible, it cannot be partially rescinded except by mutual agreement.

**11. Contracts ⊂⇒273—Divisible contract cannot be rescinded as to a part which has not been breached.**

If a contract is divisible, it cannot be rescinded as to a divisible part, which divisible part has not been breached.

Appeal from District Court, Stephens County; C. O. Hammond, Judge.

Action by H. N. Conley against the Texas Company. Judgment for plaintiff in insufficient amount, and he appeals. Judgment affirmed in part, and in part reversed and rendered.

Cox & Hayden, of Abilene, and H. A. Leaverton, of Breckenridge, for appellant.

H. S. Garrett, of Fort Worth, and Hickman & Bateman, of Breckenridge, for appellee.

RIDGELL, J. This suit was brought in the district court of Stephens county by appellant, Conley, against the Texas Company for $5,580.60, alleged to be due appellant for extra work performed and material furnished in conncetion with the drilling of a well by appellant for appellee, and the further sum of $2,000, as a reasonable profit for breach of alleged contract for the pulling of certain casing in three abandoned wells.

The appellant filed amended petition, alleging that in November, 1922, appellant entered into a contract with appellee to drill a well known as William Black well No. 1; that appellant began drilling under said contract about the 1st day of November, 1922, and drilled until the 28th day of November, following, when appellant discovered that the casing furnished by appellee was defective and leaking and that, as a result of said condition of the casing and the orders of appellees' agents, appellant sustained said damages; that said sum of $5,580.60 was due according to the general custom prevailing in the vicinity, where said services were performed and materials furnished.

The appellant further alleged that about August 27, 1924, appellant entered into a written contract with appellee to pull the casing in Black Bros. wells Nos. 7 and 13 according to contract, but appellee had refused to pay for said work to appellant's damages in the sum of $1,000. Appellant further alleged that, without any fault on his part, the appellee refused to permit appellant to pull the casing in Black Bros. No. 7 and Lila Marlin No. 2, and entered into a contract with other parties for the pulling of said casing to his damages in the sum of $1,000.

The appellee answered by general demurrer, special exceptions, and general denial, and further specially answered that appellant's action was barred by the 2-year statute of limitation. Appellee further answered by plea of accord and satisfaction, and that appellant had breached said contract of August 27, 1924, by failing and refusing to comply with the terms of same, and that under the contract appellee had a right to employ other parties to pull the casing.

The cause was tried before a jury, and, in answer to the special issues submitted, the court rendered judgment in favor of appellant against appellee for $898.93. Appellant filed a motion for new trial which was overruled, and appeal has been duly perfected to this court.

Appellant by his first proposition insists that the court erred in submitting to the jury special issue No. 1, contending that the evidence is unconflicting and undisputed, that the casing was defective; the special issue submitted and complained of being as follows:

"Was the 10-inch casing furnished plaintiff by the defendant for use in William Black well No. 1 defective?"

The jury answered in the negative.

[1] As we view this case, if there is evidence to support the findings of the jury in answer to special issue No. 1, then extensive discussion of the various assignments of appellant, as well as the cross-assignments of appellee, will be unnecessary, for where the correct results have been reached, the assignments become immaterial. Martin v. Ry Co. (Tex. Civ. App.) 139 S. W. 616.

[2, 3] In this case the burden of proof was on appellant to show he was furnished defective casing by appellee. It is sufficient, without going into an extended recital of testimony adduced, to state: Appellant was experienced in the business he was undertaking; he examined the casing at the time it was delivered by appellee and run by him and found no defect; that during the drilling the casing was set at 1,515 feet and withdrawn at 1,600 feet, and at that time one flat collar was found; that during drilling appellant strained the rig, jammed the bits, and had a fishing job, and pulled and handled

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

this casing for some time in operation, before any leak developed.

In the light of the evidence, it cannot be said that it is shown, as a matter of law, that defective casing was furnished or that by reason of the manner of its use the defect was not caused in the handling of same by appellant. It is true that it was secondhand casing, but that does not conclude that it was defective when received by appellant. The jury might have concluded and likely did that the casing leaked due to the manner of its use by appellant, and, at any rate, there is evidence to support the finding, and this court finds no legal reason or persuasion to disturb the finding of fact of this jury, and the assignment will be overruled.

The second proposition involves the same attack as the first, and will, for the reasons stated above, be overruled.

Appellant, by his third proposition, insists error in submission of special issue No. 1 for the further reason that same presents a mixed question of law and fact.

[4] We find, on examination of the record that said criticisms were first made to said charge in this court. Nowhere does the record show that appellants objected in the trial court to the submission of said issue, for reason that same presented mixed question of law and fact. Under the circumstances, we are not required to consider the assignment because the aforesaid reasons for objection were not presented in the court below. Article 2185, R. S. 1925; M., K. & T. Ry. v. Churchill (Tex. Com. App.) 213 S. W. 253; Carver v. Moore (Tex. Civ. App.) 275 S. W. 90.

In this connection, the writer desires to impress the importance and wholesomeness of above rule invoked. The duties and responsibilities of the trial court are manifestly arduous and difficult. He must necessarily rule upon questions speedily, and propositions arising in trial of cases are usually urged and necessarily acted upon without opportunity to read the law or deliberately study and consider the subject involved. On the other hand, the attorneys have had the time and place to prepare the case and study legal questions raised by the pleadings. It is therefore but a spirit of fairness to the court that such errors as asserted and complained of herein be presented to the trial court and thus opportunity afforded with fair understanding to pass upon the objection urged. Other reasons are presented for overruling the assignment, but the rule invoked and applied disposes of same.

[5] By fourth proposition, error is predicated in the court submitting special issue No. 3, which is as follows:

"Did the defendant notify plaintiff of any dissatisfaction on its part of the work being done by plaintiff, under the contract dated August 27, 1924, for the pulling and plugging of Black Bros. well No. 7 and Black Bros. well No. 13 and Lila Marlin well No. 2?"

—and that they exercised their right to terminate said contract, which special issue was answered in the affirmative.

The contract of the parties provided that if work was not in accordance with the regulations of the Railroad Commission, or if appellant was not recovering the amount of pipe that could be recovered, the appellee would take over the work and cancel the contract. The jury found, in answer to special issues, that appellant was not doing work in accordance with the regulations of the Railroad Commission and was not recovering pipe, as provided in said contract, and that after notice the appellee took over the work as authorized to do by the contract. There is sufficient evidence to support the findings on said issues. The appellant requested substantially the submission of same issue. It was a material inquiry under the pleadings, was an issue under the evidence, and there is no merit in the insistence of error in submission, for the further contended reason that the contract was performed in part and could not be rescinded or terminated in part. The very contract itself provided for the action taken by appellee upon contingencies found by the jury to exist, and the assignment will be overruled.

Assignment No. 5 will be overruled. The jury having found that appellee rightfully took over the work on Black Bros. No. 7 and Lila Marlin No. 2, the denial of privilege to continue the work on said wells would not entitle appellant to recover.

[6] Complaint is made by assignment No. 6 that the court erred in permitting in evidence the following letter:

"Mr. H. N. Conley, Abilene, Texas—Dear Sir: Referring to my telephone conversation this morning with you at Abilene, in which you advised you had received my letter to you of December 16, 1924, and in which I advised you that we now find it necessary, in accordance with that letter, to make arrangements for the salvage of our Black Bros. No. 7 at once, and to which you agreed.

"Yours truly,       The Texas Company,
                  "By L. E. Barrows."

It is insisted that the above letter was inadmissible for the reason that same was self-serving, immaterial, and irrelevant.

It is shown that the writer of the letter was the agent of the appellee corporation with authority to make contracts and did make the contract in question for his company. Evidently, the letter was admissible on the question of notice of taking over the work, and, while part of same borders closely to a violation of the rule forbidding proof of self-serving declaration, still same might come under the exception to the general rule and within the rule permitting same as res gestæ.

It appears, however, that the objection is

addressed and aimed at the letter as a whole, when unquestionably that part of the letter bearing on notice was admissible and not subject to the objection offered. Bourland v. Huffhines (Tex. Civ. App.) 244 S. W. 847.

[7] It is a very well-established rule that, where an instrument is offered in evidence and a portion is admissible and a part objectionable, the objection must be leveled at the portion inadmissible, thus giving trial court an opportunity to limit introduction to that part only material and admissible. The objection being general and part of letter being admissible under the rules, the assignment will consequently be overruled. Railway Co. v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894; Dolan v. Meehan (Tex. Civ. App.) 80 S. W. 99; Lester v. Hutson (Tex. Civ. App.) 167 S. W. 321.

[8] By assignment No. 9 complaint is made in permitting the witness Barrows to testify that the work was not being done to his satisfaction. We do not see how this testimony could injure appellant or anywise affect the result. The jury found that the work was not being done according to the rules of the Railway Commission, and, under the authority of the contract, appellee in that alternative had the right to take over the work. The contract further provided that appellee had the right to take over the work if same was not done satisfactorily, and, clearly, proof of dissatisfaction upon the part of the company was material and permissible. The corporation could only express and prove its dissatisfaction through its officers, and the assignment will be overruled.

Assignment of errors Nos. 10 and 11, complaining of error in findings of the jury on what would have been the profits on Black Bros. No. 7 and Lila Marlin No. 2, if appellant had been permitted to pull the casing from the wells, will be overruled. The jury having found that appellant was doing the work in violation of the contract, and appellee having taken over the work as it was authorized to do under the contract, the appellant would not be entitled to recover for the lost profits.

The jury were the judges of the facts proved, and, there being evidence to support their finding, we would not be disposed to disturb same.

This, we believe, disposes of all the assignments of errors. We do not deem it necessary to discuss the cross-assignments, in view of the disposition we are making of this case. It could tend to avail the appellee nothing, for the sustaining of same would bring no additional results than secured by this judgment.

It is therefore the order of this court that the judgment of the trial court be affirmed.

## On Motion for Rehearing.

[9] Upon further reflection, the conclusion has been reached that there was error in that part of the decision overruling appellant's complaint that the trial court erred in not rendering judgment for him for the profits the jury found appellant would have made in pulling the casing in the wells known as Black Bros. No. 7, and Lila Marlin No. 2, said profits aggregating $588.70. The contract under which the work was done required the work to be done according to the regulations of the Railroad Commission and accepted by their authorized agent and to the satisfaction of the Texas Company; further providing that, in the event the work was not in accordance with the regulations of the Railroad Commission and those of the Texas Company, or in case of failure to recover the amount of pipe that could be recovered, the Texas Company reserved the right to take the well over, paying appellant for what pipe he had recovered, and cancel the agreement. This contract was dated October 27, 1924. This agreement comprehended the pulling of the casing in the two wells above named, and in addition in the well known as Black Bros. No. 13. Appellant began work on Black Bros. No. 13, and, while he was engaged in that work, the appellee let to one Pace the contract for pulling the casing in Black Bros. No. 7 and Lila Marlin No. 3. Appellant was permitted to finish the work on Black Bros. No. 13, but was notified that the contract would be canceled as to the other two wells upon which he had at that time done no work. The point is made that the appellee could not cancel the contract in part and affirm it in part, and that this being true, and there being no showing that the appellant acquiesced in the partial rescission, he was entitled to recover his damages. We conclude that this contention must be sustained.

[10, 11] If the contract was an entire contract and indivisible, it could not be partially rescinded except by mutual agreement. Nass v. Chadwick, 70 Tex. 157, 7 S. W. 828. If the contract was divisible, it could not be rescinded as to a divisible part, which divisible part had not been breached. 2 Black on Rescission and Cancellation, §§ 584, 585, where the rule is stated that, in a case where a contract is composed of several distinct and divisible parts, one of the parties cannot rescind as to such severable part of the contract in respect to which no breach has occurred. Where, if the contract is treated as divisible, appellant has committed no breach as to Black Bros. No. 7 and Lila Marlin No. 3, because he had done no work on these wells, and appellee could not cancel his contract as to them for default in respect to Black Bros. No. 13 without canceling the entire agreement, and this it did not do.

Appellee contends that the contract should be treated as entire in respect to performance, and divisible in respect to cancellation. This argument cannot be sanctioned for the reason that there is no authority in the contract permitting such a course. The contract

provides in plain terms that, if the work was not being done as provided therein, the appellee could take over the well and cancel the agreement. If the contract had provided that the agreement should be canceled as to the wells taken over, the contention noted above would be applicable, but this agreement plainly contemplates that the work to be taken over is that which is not being done in compliance with the contract and not some other work.

The motion for rehearing will be granted as to the point above noted, and the judgment heretofore entered will be modified to the extent that the judgment of the trial court denying appellant a recovery for the sum of $588.70 will be reversed, and judgment here rendered for appellant for said sum. In all other respects, the motion for rehearing will be overruled.