## BERRYMAN v. FLAKE.  (No. 3220.)

Court of Civil Appeals of Texas.  Amarillo.
Feb. 27, 1929.

Rehearing Denied March 27, 1929.  Application for Writ of Error Dismissed for Want of Jurisdiction by Supreme Court Oct. 16, 1929.

Williams & Day, of Plainview, for plaintiff in error.

Joiner & Cook, of Plainview, for defendant in error.

JACKSON, J. This suit was instituted by the plaintiff, M. C. Flake, on December 21, 1927, in the district court of Hale county, Tex., against H. H. Berryman, the defendant, to recover $6,117.40, with interest at the rate of 6 per cent. per annum from December 22, 1924, and to foreclose an alleged lien on the land involved in this controversy.

Plaintiff alleged that on and prior to December 22, 1924, he was the owner, in fee simple, of the south ½ of section 7, in block D-10, in Hale county, Tex.; that on said date he sold and conveyed to the defendant the said land for the recited consideration of $6,117.40 cash and subject to an indebtedness of $3,100 payable to the Commerce Credit Company; that on said date he executed and delivered to the defendant a deed conveying said land for the sum stated in said deed; that in truth and in fact the $6,117.40 recited in the deed as a cash payment was not paid; that the defendant, though often requested, has failed and refused to pay said amount of money, or any part thereof; that said amount is due as part of the purchase money for the sale of said land, and by reason thereof and failure to pay the same, the plaintiff has a vendor's lien on said land to secure the payment of said money.

He prays for a judgment for his debt and a foreclosure of his lien against the land and for costs of suit, and for such other and further relief, special and general, as he may be entitled to, in law or in equity.

The defendant answered, on September 17, 1928, by general demurrer and a special exception to the effect that plaintiff's petition was filed December 21, 1927, and shows from the allegations therein that the deed from plaintiff to the defendant was executed on December 22, 1924, and the cause of action was therefore barred by the statute of two years' limitation (Rev. St. 1925, art. 5526). The defendant also pleaded general denial, the two years statute of limitation, and for special answer alleged that on November 3, 1924, he and J. F. Norfleet entered into a written contract by the terms of which the said Norfleet contracted and agreed to sell, ex-change, and convey to the defendant the land described in plaintiff's petition, together with other lands; that the said Norfleet was duly authorized by the plaintiff to make said contract and to convey plaintiff's land to the defendant; and that plaintiff, in part performance of such contract, conveyed the land to defendant, and the consideration for said land was paid by the defendant to the said J. F. Norfleet with the full knowledge and consent of the plaintiff.

A copy of the contract between defendant and J. F. Norfleet is attached to and made a part of the defendant's answer. The contract between defendant and J. F. Norfleet attached to the defendant's answer bears date of November 3, 1924, and the provisions thereof, in so far as is necessary to a consideration of this appeal, are:

"That the said Berryman does hereby bargain and sell unto the said Norfleet seven brick buildings situated in the town of Alto, Cherokee County" (giving a detailed description of the buildings) "free and clear of all encumbrances of any character whatsoever for the agreed sum of $75,000.00 to be paid by the said Norfleet's selling and conveying to the said Berryman Sections 1, 2, 3, 4, 5, 6, all of 7, less the N. E. ¼ of 7, and Section 9, in Block D-10, Hale County, Texas, at the agreed price of $29.30 per acre, the said Berryman to assume the encumbrances on Section 5." But the amount of said incumbance is "to be deducted from the whole consideration and pay unto the said Norfleet the balance of the purchase price in cash."

That Norfleet leases to Berryman the seven brick buildings in Alto for the monthly rental of $500 per month for a period of two years commencing on January 1, 1925; that the Hale county land is to be conveyed free of all incumbrances except that against section 5. The contract also provides that each party is to furnish the other abstracts of title, gives time for the correction of any defects, etc., and that upon approval of title they are each to execute warranty deeds conveying the respective lands to the other party.

The plaintiff, by supplemental petition, in reply to defendant's answer, pleaded a general denial and alleged that the only agreement he had with Norfleet relative to the sale of the land in controversy to the defendant was that the plaintiff would sell his land to the defendant at the same price that Norfleet received for the land he sold to the defendant; that the consideration was to be paid direct to the plaintiff; that the purported contract between the defendant and J. F. Norfleet was never consummated, and that if any contract was ever consummated between Norfleet and defendant, it was one made long after the execution and delivery of the deed by plaintiff to the defendant and to which he was in no wise a party; that the defendant had repeatedly promised and

agreed to pay the consideration in the deed, and for the first time refused to pay plaintiff in October or November, 1927.

On, special issues submitted by the court, which we designate herein by letters, the jury found, in effect: (a) That M. C. Flake, on December 22, 1924, owned the south one-half of said section 7, in block 10; (b) that J. F. Norfleet entered into a contract on November 3, 1924, whereby he sold the land to the defendant; (c) that J. F. Norfleet was authorized by the plaintiff to sell the said land; (d) that Norfleet had authority to receive the purchase price therefor; (e) that the plaintiff conveyed the land to the defendant for the consideration recited in the deed; (f) that the consideration was not to be paid direct to the plaintiff; (g) that the full consideration and purchase price of said land under the contract of sale by J. F. Norfleet was not paid and delivered to the said Norfleet; (h) that there still remains unsatisfied on said consideration the sum of $6,117.40.

On these findings, the court entered judgment for the plaintiff against the defendant for the sum of $7,519.81, and a foreclosure of the lien on the south one-half of section 7, block D-10, in Hale county, Tex., directed the issuance of an order of sale, etc.

From this judgment, H. H. Berryman, hereinafter called appellant, by writ of error, prosecutes this appeal.

The appellant urges as error the action of the trial court in overruling his general demurrer and special exception to plaintiff's petition, because it does not allege any promise, agreement, or covenant on the part of defendant to pay the plaintiff any money for said land, but shows affirmatively on its face that the deed from plaintiff to the land in controversy was executed more than two years before the institution of the suit and that the cause of action alleged by plaintiff was barred by the statute of two years' limitation.

■ "When a contract between two parties is reduced to writing and signed by one of them, and is accepted by the other, it is sufficient to impress upon it the character of a written instrument, and the law and the courts will treat it as such." Clegg v. Brannan et al., 111 Tex. 367, 234 S. W. 1076, 1077; Orbeck v. Alfei (Tex. Civ. App.) 276 S. W. 947; Martin v. Roberts, 57 Tex. 564; Cotulla v. Barlow (Tex. Civ. App.) 115 S. W. 294.

■■ "The recital in a deed is prima facie evidence of the amount of consideration and of the payment of the same, but subject to refutation on either point by evidence. * * * It has been expressly held in this state that the written contract need not in terms contain a promise to pay nor a recital of such promise. * * * Appellee's suit being founded upon a contract in writing, the four years' statute referred to above and not the two years' statute relied on by appellant, governs, and determines the issue of limitation against appellant." Orbeck v. Alfei, supra, and authorities cited.

The foregoing authorities hold that appellee's cause of action was based on a written instrument and seem to be conclusive against appellant's contention.

■ An additional reason for sustaining the court's ruling is that, "Averments in an answer will cure the want of averments in a petition, and on demurrer may be considered." Lyon et al. v. Logan et al., 68 Tex. 521, 5 S. W. 72, 74, 2 Am. St. Rep. 511; Stovall v. Texas Co. (Tex. Civ. App.) 262 S. W. 152.

"The rule is well established in this state that in passing upon a demurrer to plaintiff's petition, * * * the pleadings of both parties may be looked to and construed together in such cases." Wilson v. Duncan et al. (Tex. Civ. App.) 269 S. W. 239, 241, and authorities cited.

In the defendant's answer, he alleged that he purchased the land in controversy by written contract entered into between himself and J. F. Norfleet and that Norfleet was duly authorized to make the contract. He attached to his answer a copy of said contract, in which he obligated himself to pay in property and cash $29.30 per acre for the land in controversy.

■ "A recital in a written instrument as to the payment of the consideration is merely in the nature of a receipt and may be contradicted." 22 C. J. 1562; Lanier v. Foust, 81 Tex. 186, 16 S. W. 994.

■ "The principle admitting parol evidence to vary the consideration expressed in a written instrument does not rest upon the ground of fraud, accident or mistake and hence it is not necessary, in order to form a basis for the admission of such evidence, that the pleadings should contain any allegations thereof." 22 C. J. 1555; Taylor v. Merrill, 64 Tex. 494; Johnson v. Elmen et al., 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Whitehead v. Weldon et al. (Tex. Civ. App.) 264 S. W. 958; Grogan v. Lea (Tex. Civ. App.) 269 S. W. 1070.

Because appellee's suit was based on an instrument in writing, and for the reason that, if his petition was insufficient in the matters complained of, the insufficiency was cured by the allegations in defendant's answer, these assignments are overruled.

The appellant challenges as error the action of the trial court in submitting to the jury the special issues lettered (e), (g), and (h), because the testimony was insufficient to authorize the submission of such issues or to support the findings of the jury thereon.

■ The evidence tends to show: That at the time appellant first inspected Mr. Norfleet's ranch, and before he had met Mr. Norfleet, appellee showed the half section of land involved in this controversy to appellant, told him that it belonged to appellee, and that he would sell it to appellant at $30 per acre with

the Norfleet land, if appellant purchased from Norfleet. That before appellant and Norfleet made the contract of November 3, 1924, Norfleet told appellant that said half section of land belonged to appellee, from whom title would have to be obtained, but that appellee had informed him that he could include said half section in the contract. That before appellee signed the deed and delivered it to appellant on December 22d, thereafter, appellant was informed that the land belonged to appellee and appellant would have to pay appellee therefor. The deed recited that it was made for and in consideration of the sum of $6,117.40 paid to appellee by appellant. The contract of November 3d, between Norfleet and appellant, stipulated that appellant was to pay $29.30 per acre for all the land described in the contract. That the consideration was to be paid by conveying to Norfleet seven brick buildings in Alto, Tex., valued at $75,000, and the balance of the consideration was to be paid in cash. Appellant admits that he never conveyed the brick buildings or any of them to either Norfleet or appellee. That he paid out in cash on judgments and taxes against Mr. Norfleet's land not exceeding $97,000. That none of the money paid out was a lien against appellee's half section. That he acquired 4,198 acres of land. A calculation shows that the purchase price of 4,198 acres of land at $29.30 per acre is in excess of $122,000. Hence appellant acquired land for which he agreed to pay in property and money more than $122,000, admits that he paid no property, and that he paid not exceeding $97,000 in money, which leaves in round numbers $25,-000 of the consideration that he has not paid.

There are many other facts and circumstances in the record that we deem it unnecessary to detail, but it is our opinion that the evidence is amply sufficient to support the findings of the jury on the issues attacked.

The appellant contends: That inasmuch as the appellee authorized Norfleet to include with his lands in the contract of November 3, 1924, appellee's half section, and receive the pay therefor, appellee was a party to said contract, obligated to remove the incumbrances from Norfleet's land so they could be conveyed to appellant for the seven brick buildings at Alto, and the cash stipulated. That the failure to discharge said incumbrances was a breach of the contract, and on account of such breach, the appellant, in order to pay off the incumbrances, was required to expend in cash a sum many times in excess of the cash contemplated. That after he had satisfied said liens, appellee and Norfleet did not have sufficient equity in the lands to pay for the brick buildings at the agreed price, and having failed to pay the balance, it was error for the court to render judgment in favor of the appellee for any sum.

■■■ The court did not submit any issue to the jury relative to said breach of the contract, and appellant requested the submission of no such issue; hence, if said breach was a complete or independent ground of defense to appellee's cause of action, it was waived or abandoned by appellant. If it was but a correlative or incidental matter, the court determined it against appellant. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

The appellant learned, within a day or two after the contract was signed, that the judgments against Norfleet's lands amounted to approximately twice the sum contemplated when the contract was made. He purchased and paid for such judgments. He knew, at the time he accepted appellee's deed to the half section involved, that the difference in the value of the lands he was obtaining at $29.30 per acre would not pay for the brick buildings at their agreed value of $75,000. He accepted the deed, took the lands, and still retains it, knowing, according to the testimony, that appellee was the owner of said half section and expected and understood he was to receive the money therefor. The appellant had an order of sale issued on the judgments he had obtained, and purchased the land incumbered by said judgments at execution sale. In so doing, he acquired the property for approximately $25,000 less than he had agreed to pay.

"A rescission must be in toto. A party can not affirm a contract in part and repudiate it in part. He can not accept the benefits on the one hand while he shirks its disadvantages on the other, unless the two parts of the contract are so severable from each other as to form two independent contracts." 13 C. J. 623, § 682.

"It is well settled by frequent decisions of this court that, where the vendor reserves an express lien to secure the purchase money of the land, the contract is executory; and in default of payment of the purchase money the vendor may either affirm the contract, sue for the money, and foreclose his lien, or he may rescind the contract, and recover the land itself." Authorities cited.

"But it has never been held that he could affirm the contract in part, and rescind as to the remainder. The contract is an entirety, and as such must either be affirmed or rescinded. In this respect it differs from no other contract. To allow a vendor the privilege claimed in this petition would be to give one contracting party the power to bind the other by their agreement in so far as it was advantageous to the former, and repudiate it as to so much as was not favorable." Nass v. Chadwick, 70 Tex. 157, 7 S. W. 828. See also Conley v. Texas Co. (Tex. Civ. App.) 289 S. W. 169.

■■■ If the contract was indivisible, the appellant could not accept the benefits thereunder and repudiate the disadvantages. If the contract for the sale of appellee's land

was severable from the contract for the sale of Norfleet's land, certainly appellant had no right to appellee's land without paying him therefor.

The appellant assails as error the action of the trial court in submitting to the jury whether or not appellee authorized Norfleet to sell his half section of land. The appellant requested the court to submit to the jury whether or not Norfleet had authority from the appellee to include his half section of land in the contract that Norfleet had made with Berryman. This assignment is overruled.

The appellant urges as error the action of the trial court in refusing to submit, at his request, a special issue asking the jury whether or not the appellee made the deed to appellant for the purposes of aiding Norfleet in the performance of the contract.

The testimony and the findings of the jury, which are supported thereby, discloses that the appellee promised appellant, and advised Norfleet thereof, that if appellant contracted with Norfleet for his land, appellee's land should be included; that appellant desired appellee's half section for the purpose of shaping up the ranch, but there is no suggestion in the testimony that appellee intended to allow his half section to be included in the contract without receiving the agreed consideration therefor. This issue, in our opinion, was therefore immaterial, and a finding thereon would not have authorized a judgment in favor of appellant.

The appellant's assignment contending that the findings of the jury are so contradictory and so uncertain that the court was without authority to render a judgment thereon is not tenable.

This disposes of all the assignments presented by appellant in his brief.

The judgment is affirmed.