### WHITTLEY et ux. v. HOWERTON.
### (No. 8211.)

Court of Civil Appeals of Texas. San Antonio.
April 24, 1929.

Rehearing Denied June 12, 1929.

Atlas Jones, of San Antonio, for appellants.
Morriss & Morriss, of San Antonio, for appellee.

SMITH, J. In January, 1927, W. K. Whittley and wife, Martha, residents of Real county, conveyed 828 acres of land, including 200 acres claimed as their homestead, and certain live stock, to F. E. Howerton, in consideration of his conveyance to them of certain real and personal property situated in the town of Barksdale, in Edwards county, including a garage and filling station. Both parties executed and delivered deeds evidencing the exchange, and both took and still retain possession, intact, of all the property received by them, respectively, in the exchange. Subsequently the Whittleys brought this action against Howerton to recover title and possession of the 200 acres claimed to be their homestead, basing their suit upon the contention that Howerton procured the exchange upon false and fraudulent representations made by him to W. K. Whittley, and, moreover, that Martha Whittley had not acknowledged the execution of her deed conveying the homestead in the manner prescribed by law. The trial court sustained numerous exceptions to the Whittleys' petition, and, after the evidence was in, directed a verdict in favor of Howerton upon the whole case. The Whittleys have appealed.

The petition of appellants was upon two counts, first, to rescind the contract in so far as it related to the 200 acres claimed by appellants as their homestead, and to recover said property, upon the ground that appellee procured appellants to make the exchange of all the properties, through his false and fraudulent representations as to the status and value of the properties he conveyed to them in the exchange; and, second, to recover as prayed in the first count, upon the ground that Martha Whittley did not acknowledge the execution of the deeds conveying the properties to appellant in the exchange, in the manner prescribed by law for the conveyance of homesteads.

Under neither count did appellants seek to rescind the contract in toto, but sought, rather, to rescind as to the homestead only, conceding, by lack of pleadings and prayer, that appellee was entitled to retain all the other property obtained by him from them in the exchange. And, although still possessing and enjoying all the property conveyed to them by appellee in the exchange, appellants made no efficient tender of that property or any part of it, as a condition of rescission, or

otherwise. In this situation we conclude that appellants could not recover under their first count, based upon appellee's alleged deceit in procuring the exchange. There was no obstacle in the way of rescission in toto, for each party still retains complete possession, control, and title of all the property conveyed to him in the exchange, and appellant is in a position, as is appellee, to make complete restitution in event of rescission. In such case neither party could enforce rescission in part, and, withholding to himself all the property he had received under the indivisible contract, recover of his adversary a substantial part of the property exchanged under the contract. 13 C. J. p. 623; Nass v. Chadwick, 70 Tex. 157, 7 S. W. 828; Burson v. Blackley, 67 Tex. 5, 2 S. W. 668; Lbr. Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 48. The rule is expressed by Corpus Juris, supra, in this language: "A rescission must be in toto. A party cannot affirm a contract in part and repudiate it in part. He cannot accept the benefits on the one hand while he shirks its disadvantages on the other, unless the two parts of the contract are so severable from each other as to form two independent contracts."

We come to the other theory, upon which appellants seek to avoid their deed to the homestead, that Mrs. Whittley's acknowledgment to that deed was not made in the manner prescribed by statute. It is claimed by appellants that the privy examination made of Martha Whittley, the wife, was not made separately and apart from her husband, who, instead of retiring from the room in which she was examined, merely withdrew to the doorway thereof, and stood in the doorway, within sight and hearing of his wife and the notary, during the examination; that the notary did not explain the instrument to Mrs. Whittley or ask her if she wished to retract her act of signing. It is conceded that during the ceremony of acknowledgment Mrs. Whittley actually signed the instrument in the presence, if not within the actual view at the moment, of the notary; that she signed it willingly and wittingly, and while under no character of duress, and that, if the notary was lax in the performance of his duty as such, such conduct was wholly without the presence, procurement, or knowledge of the grantee.

■ It is obvious that, if the acknowledgment lacked the essentials claimed to have been omitted, as stated above, the deed is of no effect to bind Mrs. Whittley to the convey-ance of her homestead unless, as an exception, the grantee, paying a valuable consideration for the conveyance, as he did here, was innocent of fraud in the procurement of the grantor's signature, and ignorant of the defects of the acknowledgment, the certificate thereof being regular in form, as is conceded to be the case here. In the case of the exception stated, however, the conveyance is effectual to bind the grantor. 1 C. J. pp. 886 et seq., and authorities there cited; Speer's Marital Rights, § 213 et seq., and authorities there cited; Webb v. Burney, 70 Tex. 322, 7 S. W. 841; Waltee v. Weaver, 57 Tex. 569; Pool v. Chase, 46 Tex. 210; Hartley v. Frosh, 6 Tex. 208; Haskins v. Henderson (Tex. Civ. App.) 2 S.W.(2d) 864; McFalls v. Brown (Tex. Civ. App.) 36 S. W. 1110, Id. (Civ. App.) 37 S. W. 784.

■ Even if the grantor, being a married woman and the property conveyed her homestead, had made no character of acknowledgment, yet, if there is a certificate of acknowledgment regular in form and substance, the purchaser would be entitled to a return of the whole consideration paid by him for the conveyance, if he be ignorant of the vice in, or total omission of, the ceremony of acknowledgment, and innocent of fraud in its procurement, and in the procurement of her signature, as is the case here. Speer's Marital Rights, § 174, and authorities there cited.

The case here is brought clearly within both exceptions. It is conceded by appellants, through omission of pleadings and evidence to the contrary, that none of the alleged deceit of appellee concerning the property conveyed by him in exchange for appellants' property was practiced upon or in any wise communicated to her, and that appellee had no knowledge of the alleged defects in the acknowledgment, and that no fraud was practiced upon Mrs. Whittley in the procurement of her signature and partial acknowledgment. She went before the notary willingly, and there willingly signed the deed, and willingly, even though only partially in the manner specifically provided by the statute, acknowledged her execution of the instrument.

■ These conclusions require the overruling of all of appellants' assignments of error in which complaint is made of the exclusion of certain pleadings and evidence offered by them. If effect be given all the excluded pleadings and evidence, appellants would still have no case, under the rules hereinabove stated.

The judgment is affirmed.